IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KAREN TAYLOR, individually and on behalf of all others similarly situated, and PAULISA FIELDS,

Plaintiffs,

v.

WEST MARINE PRODUCTS, INC.,

Defendant.

No. C 13-04916 WHA

**ORDER RE PAGA CLAIM AND ARTICLE III; AND VACATING HEARING**

## INTRODUCTION

In this putative wage-and-hour class action, the issue now presented is whether to permit an amendment to allege a so-called PAGA claim. For the reasons stated below, and subject to the conclusion of the order, the motion is **GRANTED IN PART AND DENIED IN PART**. The hearing set for April 3, 2014, is **VACATED**.

## STATEMENT

The background of this action is set forth in a prior order (Dkt. No. 41). In brief, defendant West Marine Products, Inc. is a boating supply retailer. Plaintiffs are Karen Taylor and Paulisa Fields, two of defendant's former employees. Among other things, plaintiffs claim that defendant failed to provide its employees with sufficient breaks at work and adequate compensation for off-the-clock tasks, thereby committing unfair business practices and violations of California wage and overtime laws.

On October 23, 2013, plaintiffs commenced this action, filing a first amended complaint nearly two months later. A motion to dismiss was granted in part. Plaintiffs then moved for leave to file a second amended complaint, which, among other changes, included a new claim under the California Labor Code Private Attorneys General Act. *See* Cal. Lab. Code 2698 *et seq*. Both sides then stipulated to the lodging of the second amended complaint effective March 6, 2014, so long as (1) the second amended complaint would omit the new PAGA claim; and (2) defendant could file a Rule 12 motion as to the other claims alleged in the second amended complaint, within ten days of the stipulation's approval. Pursuant to that stipulation, defendant filed a motion to dismiss several claims from the second amended complaint.

Plaintiffs now move for leave to file a third amended complaint, seeking one change to their present pleading: the addition of the PAGA claim. It would tack on civil penalties for alleged California Labor Code violations. Although the motion refers to the proposed pleading as a "second amended complaint," this is incorrect, as the second amended complaint has already been lodged pursuant to the parties' stipulation.

**ANALYSIS**

**1.   APPLICABLE STANDARD.**

The parties disagree on what standard applies. Defendant contends that Rule 16 governs, because the case management order purportedly "instructed that all pleadings be amended 'by March 31, 2014'" (Opp. 4). Rule 16 therefore applies, defendant argues, because plaintiffs' motion is set for hearing on April 3, 2014 — *i.e.*, after the March 31 deadline.

The order actually stated: "Leave to add any new parties or pleading amendments must be *sought* by March 31, 2014" (Dkt. No. 32) (emphasis added). This meant that plaintiffs had to seek leave to amend by March 31, not that their motion for leave had to be *heard* by that date. Rule 15 therefore applies, not Rule 16.

**2.   RULE 15.**

Rule 15(a)(2) permits a party to amend its pleading with the court's leave, stating that "[t]he court should freely give leave when justice so requires." In the Rule 15 context, our court of appeals instructed that "[f]ive factors are frequently used to assess the propriety of a motion

2

for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment[,] and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

Defendant opposes as follows. *First*, defendant argues that amendment is futile because plaintiffs assert the PAGA claim as a *non-class* claim. In defendant's view, this violates Article III standing because plaintiffs reportedly bring the PAGA claim as a "representative" action on behalf of themselves and "other aggrieved employees," without use of class action mechanisms under Rule 23. *Second*, defendant contends that granting leave would cause it prejudice, insofar as leave would moot defendant's pending motion to dismiss several claims from the second amended complaint and force defendant to respond to a third amended complaint. *Third*, defendant points out that plaintiffs have already amended the operative complaint twice. *Fourth*, defendant argues that there has been undue delay by plaintiffs in bringing the PAGA claim.

### 3. ARTICLE III.

This order allows the amendment, subject to an important caveat. Under PAGA, 25% of any recovery of civil penalties would go to "aggrieved employees," with the other 75% to the California Labor and Workforce Development Agency. Cal. Lab. Code 2699(i). As such, absent certification of a class under Rule 23, plaintiffs "generally must assert [their] own legal rights and interests, and cannot rest [their] claim[s] to relief on the legal rights or interests of third parties." *Michael Ivey v. Apogen Technologies, Inc.*, 11CV366 DMS NLS, 2011 WL 3515936, *3 (S.D. Cal. Aug. 10, 2011) (Judge Dana M. Sabraw); *see also Adams v. Luxottica U.S. Holdings Corp.*, SA CV 07-1465 AHS, 2009 WL 7401970, *6 (C.D. Cal. July 24, 2009) (Judge Alicemarie H. Stotler). This is because Article III "require[s] a plaintiff to show, *inter alia*, that he has actually been injured by the defendant's challenged conduct," such that "a plaintiff whose cause of action is perfectly viable in state court under state law may nonetheless be foreclosed from litigating the same cause of action in federal court, if he cannot demonstrate the requisite injury." *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1001–02 (9th Cir. 2001).

3

Nonetheless, plaintiffs rely on *Baumann v. Chase Inv. Servs. Corp.*, 12-55644, 2014 WL 983587, *4–5 (9th Cir. Mar. 13, 2014), an unpublished decision, for the proposition that "[o]ne need not certify a class to pursue a PAGA claim in federal court" (Reply 9). Such reliance is misplaced. *Baumann* was a removal case that merely construed the Class Action Fairness Act. It did not consider Article III standing. Indeed, *Baumann* stated, "We do not today decide whether a federal court may allow a PAGA action otherwise within its original jurisdiction to proceed under Rule 23 as a class action." 2014 WL 983587, *5.

It is true that several of my colleagues have said that PAGA claims need not be brought as class claims. *See, e.g.*, *Gallardo v. AT & T Mobility*, LLC, 937 F. Supp. 2d 1128, 1137–38 (N.D. Cal. 2013) (Judge Claudia Wilken); *Willner v. Manpower Inc.*, C 11-02846 JSW, 2012 WL 1570789, *9 (N.D. Cal. May 3, 2012) (Judge Jeffrey S. White); *and Moua v. Int'l Bus. Machines Corp.*, 5:10-CV-01070 EJD, 2012 WL 370570, *4 (N.D. Cal. Jan. 31, 2012) (Judge Edward J. Davila). While these decisions found that a PAGA claim need not be certified under Rule 23, they did so in on the ground that PAGA claims are not class actions, following *Arias v. Superior Court*, 46 Cal. 4th 969, 975–80 (2009). There was no analysis of Article III standing (except for a single sentence in a footnote by Judge Davila). *See Moua*, 2012 WL 370570, *4 n.3.

But Article III imposes a mandatory standing requirement. A state legislature may relax standing requirements for the state courts, but may not do so for cases heard in federal court. "[N]o matter its reasons, the fact that a State thinks a private party should have standing to seek relief for a generalized grievance cannot override our settled law to the contrary," and "[s]tates cannot alter that role simply by issuing to private parties who otherwise lack standing a ticket to the federal courthouse." *Hollingsworth v. Perry*, 133 S. Ct. 2652, 2667 (2013).

Accordingly, this order will allow the amendment but only on the understanding that plaintiffs may seek PAGA penalties for which they have Article III standing and prudential standing, including (without limitation) violations involving them or those perpetrated in connection with any wage-and-hour claims ultimately certified herein under Rule 23. This order rejects the proposition that someone who worked briefly for an employer in one location and was

4

the victim of one type of labor code violation has Article III standing to seek PAGA penalties as to every type of labor code violation, every employee, and every location, without satisfying the requirements of Rule 23. *See Luxottica U.S. Holdings Corp.*, 2009 WL 7401970, \*6. In disability-access injunction cases, it is appropriate to allow wheelchair-bound plaintiffs who encountered only one barrier to seek to remove all barriers because such plaintiffs allege an intent to return to the premises. *See Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1042–44 (9th Cir. 2008). Penalties for past violations lack this element.

Here the order notes that there has not been undue delay in seeking this amendment. The original complaint alleged labor code violations on October 23, 2013, and plaintiffs did not begin to exhaust the administrative process required to assert the PAGA claim until December 13, 2013. *See* Cal. Lab. Code 2699.3(a). This time gap, however, was less than two months. Defendant also complains about plaintiffs' delay in asserting the PAGA claim *after* exhaustion was complete, but again, the delay was short, amounting to five weeks only (by defendant's own calculation) (Opp. 1). While plaintiffs may have been able to assert the PAGA claim back when they alleged the underlying labor code violations in October 2013, the delay presented here is not enough to deny leave, especially "[w]here there is lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith . . . ." *Hurn v. Ret. Fund Trust of Plumbing, Heating & Piping Indus. of S. California*, 648 F.2d 1252, 1254 (9th Cir. 1981) (internal citations omitted).

\*          \*          \*

The Court is concerned that the addition of a PAGA claim for relief will complicate any settlement if and when the time for settlement arrives. While a full litigation on the merits might allow for full recovery on behalf of any class certified herein, a settlement would most likely involve a compromise and a more limited recovery fund. How would this be split between the class and the LWDA? The LWDA will have a stake in designating all or most of it as penalties, whereas the class will have a stake in designating all or most of it as damages. Put differently, counsel will be representing the class, on the one hand, and the LWDA as a private attorney

5

general. Yes, their interests are parallel in part but also in conflict in part. It is premature to adjudicate this now, but the issue is flagged for counsel's consideration as the case progresses.

## CONCLUSION

For the reasons stated above, plaintiffs' motion is **GRANTED IN PART AND DENIED IN PART**. The amendment is allowed but with the caveat that the PAGA claim may be asserted by plaintiffs *only* as to labor code violations as to which plaintiffs have Article III standing. Certainly, this will include violations as to plaintiffs themselves. If Rule 23 classes are eventually certified to assert various California Labor Code violations, then as to each violation proven for each such class member, PAGA penalties may be sought by plaintiffs as additional relief. If, however, Rule 23 certification is ultimately denied in this case, the PAGA violations will be limited to those proven for our plaintiffs named herein — unless, somehow, plaintiffs can show they have Article III standing to pursue violations as to others. It is premature to fix the ultimate reach of our plaintiffs' Article III and prudential standing. Accordingly, subject to the above caveat, plaintiffs may file the third amended complaint by **5 PM ON MARCH 28, 2014**. The hearing set for April 3, 2014, is **VACATED**.

Defendant's motion to dismiss will still proceed on May 1, 2014. Although directed at dismissing claims 2, 3, 4, and 5 from the second amended complaint, defendant's motion will be construed as challenging the same claims under the third amended complaint, given that those claims remain unchanged from the second amended complaint. No more Rule 12 type motions may be filed as to the PAGA claim. Please note that there will be no more motions to amend after March 31, 2014, absent a showing of good cause under Rule 16.

**IT IS SO ORDERED.**

Dated: March 26, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6