October 9, 2014

Molly Dwyer, Clerk of Court
Office of the Clerk
United States Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, California 94119-3939


Re:    *Taylor et al. v. West Marine Products, Inc.*, No. 3:13-cv-04916-WHA

Dear Ms. Dwyer:

Pursuant to General Order 12.10, the district judge in the above-captioned case submits the following comment for distribution to the panel that will review the preliminary-injunction appeal in this case. This is an appeal in a civil wage-and-hour case after a certification of some claims for class treatment but a denial of certification as to others.

In its notice of appeal filed on October 6, 2014, defendant West Marine Products, Inc. stated that it appeals the district judge's September 19 order:

> . . . insofar as [that] order is an injunction prohibiting Defendant from settling claims other than those certified in this action . . . . Specifically, West Marine appeals only that portion of the September 19 [] order that prohibits the parties from settling any claims not currently certified by the District Court . . . . This Order is an injunction and also modifies a prior injunction entered by the District Court, which prior injunction prohibited any settlement discussions until there had been a certification order and appointment of an interim class counsel.

The above implies that the district court has enjoined defendant from settling *any* claims not certified for class treatment. That is incorrect. On this issue of settlement, the September 19 order actually stated (Dkt. No. 113) (emphasis added):

-1-

> Counsel must remember that any *class* settlement must be limited
> to the issues certified for class treatment and may not release
> claims of absent class members not certified.

In other words, both sides were and are still free to pursue settlement of non-certified claims as to individual plaintiffs. The September 19 order merely instructed the parties to limit a class settlement to only those issues that have been certified for class treatment.

The reasoning for limiting class settlement to the certified claims is as follows. On the motion for class certification, the district court agreed with defendant that certain other claims should not be certified for class treatment (but disagreed as to the claims that were ultimately certified). Defendant now wishes to backtrack and settle claims *on a class-wide basis* that defendant and the district court found were not suitable for class treatment. Now that defendant has defeated class certification of those claims, it wishes, evidently, to settle those claims anyway on a class-wide basis and reap a favorable discount on them by virtue of the inability of plaintiffs' counsel to prosecute those claims. Absent class members, however, deserve to have their claims settled on the merits only, undiminished by further discount due to the failure of class counsel to obtain certification of those claims. Of course, class settlements should reflect discounts for the probabilities of success on the merits, but absent class members should not have to suffer yet further discounts based on the unsuitability of the released claims for class treatment.

Earlier in this action, the district judge also issued a "Notice Regarding Factors To Be Evaluated For Any Proposed Class Settlement" on November 8, 2013 (Dkt. No. 9), so that the parties were informed of the various considerations to be taken into account when evaluating any proposed class settlement. The notice stated the following as to the timing of any such proposed

settlement (emphasis in original):

> In order to have a better record to evaluate the foregoing considerations, it is better to develop and to present a proposed compromise *after* class certification, after diligent discovery on the merits, and after the damage study has been finalized. On the other hand, there will be some cases in which it will be acceptable to conserve resources and to propose a resolution sooner. For example, if the proposal will provide full recovery (or very close to full recovery) then there is little need for due diligence. The poorer the settlement, the more justification will be needed and that usually translates to more discovery and due diligence; otherwise, it is best to let non-parties fend for themselves rather than foist a poor settlement on them . . . . *If counsel believe settlement discussions should precede a class certification, a motion for appointment of interim class counsel must first be made*.

In brief, there was no "prior injunction" that prohibited counsel from pursuing settlement discussions. Under the amendments to Rule 23(g) made effective in 2003, the parties could have moved for appointment of interim class counsel to pursue settlement discussions prior to class certification. But neither side did so. In that connection, some of the dangers that Rule 23(g) guards against are collusion and deals that do not reflect the merits and strengths of the claims of absent class members. In those scenarios, such deals may reflect a steep discount for problems on matters other than merits, including a plaintiff's lack of standing, severe criminal history, or other unsuitability of the case for class treatment. Claims of absent class members, however, ought to be settled on the merits only, and should not be further discounted by procedural hurdles unique to the putative class representative.

The undersigned judge has taken advantage of the procedure set forth under General Order 12.10 because defendant's notice of appeal is misleading as to the actual record, and because it is uncertain whether plaintiffs will clarify the above points.

This letter does not address whether the order in question is any more appealable than any other case management order directing counsel to do or not to do some act, a question about which I have nothing special to add.

Respectfully,

William Alsup
United States District Judge
Northern District of California

cc:  Counsel