IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KAREN TAYLOR, individually and on behalf of all others similarly situated, and PAULISA FIELDS,

    Plaintiffs,

  v.

WEST MARINE PRODUCTS, INC.,

    Defendant.

No. C 13-04916 WHA

**ORDER DENYING *EX PARTE* APPLICATION TO STAY CASE PENDING APPEAL AND PERMISSION TO APPEAL**

    Defendant West Marine Products, Inc. has filed an *ex parte* application (1) to stay this action pending West Marine's appeal and permission to appeal the order dated September 19, 2014; and (2) to obtain a temporary stay so that West Marine can seek relief from our court of appeals, in the event that this *ex parte* application is denied (Dkt. Nos. 113, 121). In brief, West Marine objects to the September 19 order's certification of several classes, as well as that order's statement that "[c]ounsel must remember that any *class* settlement must be limited to the issues certified for class treatment and may not release claims of absent class members not certified" (Dkt. No. 113 at 21:6–7) (emphasis in original).

    In determining whether to grant a stay pending appeal, there are four factors to balance:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

1    *Nken v. Holder*, 556 U.S. 418, 426 (2009) (internal citations omitted). For the second *Nken*
2    factor, our court of appeals has explained that a petitioner "must demonstrate that irreparable
3    harm is *probable*" absent a stay, and that "if the petitioner has not made a certain threshold
4    showing regarding irreparable harm . . . then a stay may not issue, regardless of the petitioner's
5    proof regarding the other stay factors." *Leiva-Perez v. Holder*, 640 F.3d 962, 965–68(9th Cir.
6    2011) (emphasis added) (internal citations omitted).

7    Here, West Marine claims that it will suffer harm without a stay because "*with every
8    passing day of expense in litigation*, settlement of all claims (class and otherwise) becomes more
9    difficult to achieve," but "if the Ninth Circuit agrees with West Marine on its [a]ppeal and
10   concludes that the parties should not be precluded from settling on a class wide basis anything
11   other than the certified class, that ruling will come some 12–20 months from now, and after the
12   trial of this matter, [] settlement prospects will be dramatically altered." Put another way, West
13   Marine contends that it "cannot settle anything on a class basis until [a claim] is first certified for
14   class treatment, and then [is] limited to what was actually certified, [such that] West Marine can
15   and will be sued over and over again until the claim is certified (or effectively certified by
16   appointment of class counsel) . . ." (Br. i, 6, 14–15) ) (emphasis added). For support, West
17   Marine points to a recently filed California state court lawsuit in which parts of this action have
18   reportedly been brought in that state court matter.

19   This order disagrees. For requests to stay, "[m]any courts . . . have concluded that
20   incurring litigation expenses does not amount to an irreparable harm." *Guifu Li v. A Perfect*
21   *Franchise, Inc.*, 5:10-CV-01189-LHK, 2011 WL 2293221 (N.D. Cal. June 8, 2011) (Judge Lucy
22   H. Koh); *see United States v. Washington*, CV 9213, 2013 WL 9668852, *79 (W.D. Wash. Jan.
23   9, 2013) (Judge Ricardo S. Martinez); *Sample v. Brookdale Senior Living Communities*, Inc.,
24   C11-5844 RJB, 2012 WL 195175, *2 (W.D. Wash. Jan. 23, 2012) (Judge Robert J. Bryan); *see*
25   *also Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th
26   Cir. 1980) (monetary injury not normally considered irreparable harm for a preliminary
27   injunction request). As such, this order finds that West Marine has not shown sufficient harm to
28   merit a stay here.

2

Furthermore, this order notes that West Marine has failed to comply with the local rules for *ex parte* motions. Specifically, Civil Local Rule 7-10 states (emphasis added):

> A party may file an *ex parte* motion . . . *only if a statute, Federal Rule, local rule or Standing Order authorizes the filing of an ex parte motion in the circumstances* and the party has complied with the applicable provisions allowing the party to approach the Court on an *ex parte* basis. *The motion must include a citation to the statute, rule or order which permits the use of an ex parte motion to obtain the relief sought*.

But West Marine has included no such required citation in its present application.

The *ex parte* application to stay is thus **DENIED**. While West Marine may move for a stay from our court of appeals pursuant to Federal Rule of Appellate Procedure 8(a)(2), there will be no temporary stay of this action in the meantime.

**IT IS SO ORDERED.**

Dated:  October 20, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3