IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN TAYLOR, individually and on behalf of all others similarly situated, and PAULISA FIELDS,<br><br>Plaintiffs,<br><br>v.<br><br>WEST MARINE PRODUCTS, INC.,<br><br>Defendant. | No. C 13-04916 WHA<br><br>**ORDER RE PRELIMINARY APPROVAL OF CLASS SETTLEMENT** |

## INTRODUCTION

In this putative wage and hour class action, the parties have filed a renewed motion for preliminary approval of the settlement. For the reasons stated below, the motion is **GRANTED**.

## STATEMENT

The background of this action is set forth in prior orders (*see* Dkt. No. 113). In brief, defendant West Marine Products, Inc. is a national boating-supply retailer. Plaintiffs Karen Taylor and Paulisa Fields are two former hourly employees who worked for West Marine at its Santa Barbara facilities — from May 2011 to March 2012, and February 2012 to June 2013, respectively.

Plaintiffs asserted several claims relating to defendant's alleged failure to provide sufficient rest and meal breaks, failing to pay overtime wages, and providing employees with inaccurate wage statements. On September 19, 2014, the undersigned judge granted in part defendant's motion for partial summary judgment and certified three classes relating to the miscalculation of overtime pay. The first class consisted of hourly-paid West Marine workers

1  who were paid for daily overtime work and compensated with a spiff in the same week during
2  the four years prior to the filing of the complaint. The other two certified classes — the wage
3  statement class and the former employee class — are derivative of the first class. Taylor was
4  appointed class representative while Fields is pursuing claims in her individual capacity.

By order dated December 29, 2014, the parties' motion for preliminary approval of a class settlement was denied (Dkt. No. 146).

The parties have now filed an amended proposed class settlement. Under the settlement, only claims relating to a failure to include spiff awards in the calculation of *daily* overtime pay of putative class members would be extinguished. Of the $435,000 proposed settlement, class counsel requests $160,500 in attorney's fees and expenses. Costs of administration in the amount of $15,000 would also be deducted. The parties assert that participating class members will be made whole, or even more than whole, by the proposed settlement. Defense expert Boekeker concluded that of the 707 class members, 33% were underpaid by just one dollar or less, 55% were underpaid by five dollars or less, and 88% were underpaid by $50 or less. Despite this, each class member would receive at least $216 under the settlement agreement, could receive up to $1,111, and will receive substantially in excess of the maximum potential overtime damage under any methodology for calculating the overtime rate.

## ANALYSIS

The order denying the parties' first motion for preliminary approval noted three deficiencies with the proposed settlement: (1) the scope of the proposed release was too broad; (2) the incentive payments to the named plaintiffs were unreasonable; and (3) it was unclear whether the settlement provided for a claims procedure. The revised settlement remedies these deficiencies.

*First*, the revised settlement amended the released claims to only include claims relating to underpayment of *daily* overtime pay. The released claims section now states (Dkt. No. 147 at Exh. A):

> "Released Claims" means any and all claims, demands, rights, liabilities, and/or causes of action of any nature and description whatsoever, known or unknown, in law or in equity, whether concealed or not concealed or hidden, from the beginning of time

       through the Preliminary Approval Date arising from any failure by Defendant to include spiff awards in the calculation of the regular rate of pay for purposes of paying *daily* overtime compensation, including derivative claims for inaccurate wage statements and California Labor Code Private Attorney General Act penalties for any pay period in which a spiff was earned by a Participating Class Member, as well as waiting time penalties. No FLSA or other claims are released by this Settlement Agreement.

*Second*, the parties have stated that they understand the maximum incentive payment that class representative Taylor will be awarded is $500 and that Fields will not receive any incentive payment, as she does not represent the class. Incentive payments, along with the large sum sought for fees and expenses, will be decided later.

*Third*, the parties clarified that their references to a claims submission process was inadvertent. Under the amended settlement, it is clear that a class member need not do anything to receive compensation. An opt-out procedure alone will be utilized. Any class member who does not opt out will receive payment via the mail.

This order finds that the revised settlement seems fair and reasonable and that putative class members would be made whole. The proposed notice to be sent to class members informs them of their rights, clearly states that if they do nothing they will receive a check in the mail, and sufficiently describes the opt-out and objection procedures.

## CONCLUSION

For the reasons stated above, the motion for preliminary approval of the revised settlement agreement is **GRANTED**. The parties proposed Notice to putative class members is hereby **APPROVED**. Notice shall be published and sent out by **FEBRUARY 20, 2015**. A motion for final approval should be filed by **APRIL 17, 2015**. Any objections must be in writing and postmarked by **APRIL 28, 2015**. A final fairness hearing is set for **MAY 21, 2015, AT TWO P.M.** The notice to class members must be revised to reflect these dates.

**IT IS SO ORDERED.**

Dated: January 20, 2015.

                                            WILLIAM ALSUP
                                            UNITED STATES DISTRICT JUDGE