# EXHIBIT 1

## SETTLEMENT AGREEMENT

This SETTLEMENT AND RELEASE AGREEMENT ("Settlement Agreement") is made this 20th day of November, 2014 by and between West Marine Products, Inc. ("Defendant") on the one hand, and Karen Taylor and Paulisa Fields (collectively "Plaintiffs") and the Settlement Class on the other hand. At times Karen Taylor is referred to herein as "Named Plaintiff." Defendant and Plaintiffs are referred to herein collectively as the "Parties" and each of the Parties is, from time to time, referred to herein as a "Party."

### Recitals

This Settlement Agreement is made with respect to the following facts:

a.       On or about October 23, 2013, Plaintiffs filed a Class Action Complaint in the United States District Court, Northern District of California, captioned *Karen Taylor, individually and on behalf of all others similarly situated, and Paulisa Fields v. West Marine Products, Inc.* (Case No. 13-CV-04916-WHA) (the "Action"). After a series of pleading challenges and orders, on or about May, 19, 2014 Plaintiffs filed the Corrected Third Amended Class Action Complaint. [Docket 76].

b.       On or about September 19, 2014, the Court issued an Order granting class certification in part, and denying class certification in part. [Docket 113.] On or about October 9, 2014, the Court approved a Notice form and protocol to permit persons to opt-out of the three certified classes. [Docket 119.] On or about November 5, 2014, Notice of the class certification and an opt-out form were sent to members of the classes certified by the Court pursuant to the form and protocol approved by the Court. For those who receive the initial mailing, the last day for persons to opt-out of the classes pursuant to the November 5, 2014, Notice is December 20, 2014.

c.       On or about October 29, 2014, the Parties participated in a settlement conference before Magistrate Judge Joseph C. Spero. The Parties have reached agreement to resolve certain claims on a class-wide basis, and all of Plaintiffs' individual claims raised in the Action.

d.       Defendant denies liability on Plaintiffs' claims and contentions, and denies that it or any of its agents engaged in any unlawful or improper conduct with respect to Plaintiffs or any putative class member, and denies that any of the claims made in this action should be adjudicated on the merits as a class action.

1

e.      Subject to Court approval, the Parties desire to settle, compromise, and avoid any further litigation relating to the events or facts giving rise, or related to, the contentions described in the operative Third Amended Complaint, and have agreed to settle the Action by agreement, upon the terms and conditions and for the consideration set forth in this Settlement Agreement. Capitalized terms used herein shall have the meanings set forth in Section I or elsewhere in this Settlement Agreement.

## I.      DEFINITIONS

Unless otherwise defined herein, capitalized terms used in this Settlement Agreement shall have the meanings set forth below:

A.      "Administrative Costs" means all fees and costs incurred or charged by the Claims Administrator in connection with the execution of its duties under this Settlement Agreement including, but not limited to (i) fees and costs associated with preparing, issuing and/or monitoring reports, filings, and notices (including the cost of printing and mailing all notices and other documents to the Settlement Class) required to be prepared in the course of administering the Settlement Proceeds; (ii) computing, processing and distributing the Settlement Payments, Taxes, and any other payments to be made out of the Settlement Proceeds under this Settlement Agreement; and (iii) preparing and filing all tax returns and information returns and any other filings required by any governmental taxing authority or agency arising out of this settlement.  To the extent the Administrative Costs exceed $15,000, they shall be paid by Defendant, in addition to the $435,000 Settlement Proceeds for which provision is made herein.

B.      "Claims Administrator" means the settlement claim administration firm mutually selected by the Parties and approved by the Court, which the Named Plaintiff and Defendant have agreed will be responsible for administration of the settlement terms set forth in this Settlement Agreement, and related matters.  The initial $15,000 in charges of the Claims Administrator will be paid from the $435,000 in Settlement Proceeds, with the balance, if any, paid by Defendant.

C.      "Class Counsel" means:

HARRIS & RUBLE
4771 Cromwell Avenue
Los Angeles, CA  90027
Telephone:  (323) 962-3777

D.      "Counsel for Defendant" means:

Mark D. Kemple
Ashley M. Farrell
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone (310) 586-7700

E.      "Class Counsel Attorneys' Fees" means the amounts to be paid to Class Counsel
for attorneys' fees pursuant to Section II pursuant to the Court's approval.

F.      "Settlement Class Members" or "Settlement Class" means all hourly paid current
or former employees of Defendant in California who were paid for daily overtime
work and who were compensated with a spiff during the workweek in which they
accrued daily overtime work, at any time during the period commencing four
years prior to the filing of the complaint to September 19, 2014.

G.      "Class Period" means October 23, 2009 through September 19, 2014.

H.      "Court" means the United States District Court, Northern District of California.

I.      "Effective Date of Settlement" means the date on which the Order of the Court
finally approving the Settlement Agreement and entering a Judgment on
Settlement of Dismissal with Prejudice becomes final, non-appealable, and not
subject to any further review or consideration by any court.

J.      "Final Fairness and Approval Hearing" is the final hearing at which the Court will
consider whether this Settlement Agreement is fair, adequate and reasonable.

*LA 131716579v2*

K.    "Litigation Costs" means the amount to be paid to Class Counsel for litigation costs pursuant to Section II of this Settlement Agreement and approved by the Court.

L.    "Defendant" as used herein means West Marine Products, Inc.

M.    "Settlement Proceeds" is $435,000, and represents the total and maximum amount that Defendant will be required to pay pursuant to this Settlement Agreement, including any amounts required by law to be paid by the employer to any federal, state or local tax authority.

N.    "Named Plaintiff" means Karen Taylor as named plaintiff and proposed class representative in the Action.

O.    "Net Settlement Amount" means the Settlement Proceeds less Court approved deductions for Class Counsel Attorneys' Fees, Litigation Costs, Individual Plaintiff Payments, a Court ordered representation fee, Administrative Costs and the California Labor and Workforce Development Agency's share of allocated California Labor Code Private Attorney General Act penalties.

P.    "Participating Class Members" means those Settlement Class Members who have not timely opted-out pursuant to the prior Notice, given on or about November 5, 2014, or pursuant to Section II.

Q.    "Parties" means Plaintiffs and Defendant.

R.    "Preliminary Approval Date" means the date upon which the Court enters an Order preliminarily approving this Settlement Agreement.

S.    "Released Claims" means any and all claims, demands, rights, liabilities, and/or causes of action of any nature and description whatsoever, known or unknown, in law or in equity, whether concealed or not concealed or hidden, from the beginning of time through the Preliminary Approval Date arising from any failure by Defendant to include spiff awards in the calculation of the regular rate of pay

4

for purposes of paying overtime compensation, including derivative claims for inaccurate wage statements and California Labor Code Private Attorney General Act penalties for any pay period in which a spiff was earned by a Participating Class Member, as well as waiting time penalties. No FLSA or other claims are released by this Settlement Agreement.

T.    "Released Parties" means Defendant together with its past and present parents, subsidiaries, divisions, partners and affiliates, and their respective past and present stockholders, officers, directors, employees, managers, attorneys and insurers.

U.    "Releasors" means all Participating Class Members, as well as their successors, assigns, heirs, executors, trustees, and administrators.

V.    "Settlement Agreement" means this settlement agreement, including the attached Exhibits.

W.    "Settlement Check" means the check that will be issued to each Settlement Class Member who does not submit a timely request for exclusion form pursuant to the procedure set forth in Section II or pursuant to the November 5, 2014 notice, which will include the following language: "By endorsing this instrument, I confirm that I received and reviewed the Notice of Class Action Settlement in the matter of *Taylor, et al v. West Marine Products, Inc.,* and agree to waive and/or release all claims against West Marine Products, Inc., and related individuals and entities, that are released in the settlement."

X.    "Settlement Payment" means the amount to be paid to each Participating Class Member.

## II.    SETTLEMENT APPROVAL AND PAYMENT PROCEDURES

A.    **Settlement Proceeds.**

Defendant will pay $435,000 (the "Settlement Proceeds") in settlement of the Action. The Settlement Proceeds consist of the following estimated payments (as set forth herein in greater detail at Section II): (i) up to $15,000 for Administrative Costs; (ii) $5,000 to each of the Plaintiffs ($10,000) in settlement of their individual claims, in addition to whatever representation fee the Court might award; (iii) Class Counsel's Attorneys' Fees as approved by the Court; (iv) Class Counsel's Litigation Costs as approved by the Court; (v) settlement disbursements to the Settlement Class (the "Net Settlement Amount"); and (vi) $5,000 (the California Labor and Workforce Development Agency's share of allocated PAGA penalties). In no event will any funds from the Settlement Proceeds revert to Defendant.

B.      **Retention of Claims Administrator and Provision of Class Information.**

1.      Not later than five (5) business days after the Preliminary Approval Date, the parties will retain the Claims Administrator to: (1) distribute the Notice of Class Action Settlement and Request for Exclusion Forms; (2) receive and forward to the Court, Class Counsel and Counsel for Defendant, executed Requests for Exclusion; (3) distribute Notices of Preliminary Approval of Class Action Settlement and Claim Forms; (4) identify persons who opt-out, (5) be available to Counsel for Defendant and Class Counsel to answer inquiries; (6) determine the Settlement Payment to each Participating Class Member; (7) prepare a final list of Participating Class Members and Settlement Payments; (8) distribute Settlement Payments to Participating Class Members upon final approval; and (9) perform other, customary duties of a Claims Administrator in a settled wage and hour class action. The Court-appointed Claims Administrator will be experienced and qualified in the administration of class action monetary settlement distribution and claims proceedings. The Claims Administrator will establish a settlement payment center address

and telephone number to receive Settlement Class Members' inquiries about the Notice of Class Action Settlement and settlement procedures.

2.     Defendant will provide to the Claims Administrator and Class Counsel, within seven (7) business days of the Preliminary Approval Date, a list containing the names, last known addresses, and social security numbers, for each Settlement Class Member.

3.     Defendant also will provide to the Claims Administrator and Class Counsel within seven (7) business days of the Preliminary Approval Date a list of amounts that could be claimed by each Settlement Class Member under this Settlement Agreement, to be calculated as described in Section II(C) below.

**C.     Settlement Formula and Distribution.**

1.     The Net Settlement Amount allocation among Participating Class Members shall be calculated as follows.

2.     First, thirty percent (30%) of the Net Settlement Amount will be allocated to waiting time penalties for Participating Class Members whose employment with Defendant ended prior to the Preliminary Approval Date, and divided equally among such persons.

3.     Second, each Participating Class Member also will be allocated the maximum underpayment amount specified for him or her as calculated by expert Stefan Boedeker utilizing the equation set forth in the Court's September 19, 2014 Order.   Each Participating Class Member's total estimated recovery will be set forth in the Notice sent to him or her as found at Exhibit A-1 to this Settlement Agreement.

4.     Third, the balance of the Net Settlement Amount (after subtraction of the two   items above) will be allocated among the Participating Class

7

Members by dividing that balance by 707 less the number of opt-outs and allocating that quotient to each Participating Class Member.

5.    For purposes of this Settlement only, the Parties recognize and agree that $5,000 of the Settlement Proceeds represents the amount to be paid to the California Labor and Workforce Development Agency in settlement of all claims made in the Action pursuant to the Labor Code Private Attorneys General Act, Cal. Labor Code § 2698, et seq.

**D.    Request for Preliminary Approval and Certification**

1.    Upon execution of this Settlement Agreement by all Parties, the Parties jointly will move the Court to grant preliminary approval of the Settlement Agreement and for preliminary certification, for settlement purposes only, of the Settlement Class. By that joint request, the Parties will ask the Court to issue orders in the form of the "[proposed] Order Granting Preliminary Approval of Class Action Settlement and for Class Notice of Settlement and Fairness Hearing" ("Proposed Order") attached hereto as <u>Exhibit</u> A, granting preliminary approval of the Settlement Agreement, granting certification the Settlement Class for settlement purposes only, approving the "Notice of Class Action Settlement" and "Exclusion or Opt-Out Request Form," attached respectively as <u>Exhibits</u> 1 and 2 to the Proposed Order, and setting a Final Fairness and Approval Hearing no later than sixty (60) calendar days after the Preliminary Approval Date or on such date as the Court deems appropriate (herein "Order for Class Notice of Settlement and Fairness Hearing"). The Parties' submission will include such pleadings and evidence as may be required for the Court to determine that this Settlement Agreement is fair, adequate and reasonable and that it constitutes a "good faith settlement."

2.    The Parties and their counsel agree, however, that if this Settlement Agreement is not finally approved by the Court or Defendant elects to

LA 131716579v2

withdraw from the Settlement Agreement under any of the terms in Section II(I)(1)-(2), certification of any Settlement Class withdrawn from the settlement will be vacated without prejudice to the Parties' respective positions on the issues of class certification. In such event, Defendant will have the right to object to class certification of the Action on all available bases as if the Settlement Agreement had never been negotiated or executed.

E.      **Claims Administrator's Mailing of Class Notice and Exclusion Form.**

1.      Within ten  (10) business days of the Preliminary Approval Date, and using the lists provided to it by Defendant pursuant to Section II (B) above, having updated that list through the National Change of Address Database and along with any updated information provided by Defendant and/or Class Counsel concerning Settlement Class Members' addresses, the Claims Administrator will send by first-class United States mail to the last known address for each member of the Settlement Class a class notice of settlement in the form of the "Notice of Class Action Settlement" attached as <u>Exhibit</u> 1 to the Proposed Order  found as <u>Exhibit</u> A hereto.

2.      The Claims Administrator also will send by first-class United States mail to all members of the Settlement Class with the Notice of Class Action Settlement a request for exclusion form in the form of the "Exclusion or Opt-Out Request Form" (hereinafter "Request for Exclusion Form") attached as <u>Exhibit</u> 2 to the Proposed Order found as <u>Exhibit</u> A hereto. Any member of the Settlement Class who personally requests a Request for Exclusion Form (by mail or telephone) will be promptly furnished one by the Claims Administrator.

3.      Any returned envelopes from this mailing with forwarding addresses will be utilized by the Claims Administrator to locate the Settlement Class Members through reasonable and customary efforts used in the

9

administration of such settlements, including checking the National Change of Address database and performing a skip trace.

4.    Printing and mailing costs of the Notice of Class Action Settlement and Request for Exclusion Form, including the cost of re-mailing such notices and forms returned as undeliverable that include a forwarding address, will be included within the charges for Administrative Costs.

5.    Compliance with the procedures described in this Section II shall constitute due and sufficient notice to Settlement Class Members of this settlement, and the Final Fairness and Approval Hearing shall satisfy the requirements of due process, and nothing else shall be required of the Named Plaintiff, Class Counsel, Defendant, Counsel for Defendant, or the Claims Administrator to provide notice of the settlement and the Final Fairness and Approval Hearing in the Action.

**F.     Settlement Class Member's Response to Settlement Payment Calculations.**

1.    The Claims Administrator may confer with Counsel for Defendant and Class Counsel in an attempt to resolve any issues raised by Settlement Class Members relating to Settlement Payment amounts, and may request that Defendant review any materials submitted by the Settlement Class Member, as well as Defendant's personnel or payroll records regarding a Settlement Class Member's Settlement Payment. Defendant and Class Counsel may review and evaluate any such materials and, after review and evaluation of such materials, determine whether to modify, adjust or correct its personnel and payroll records. However, Defendant's personnel and payroll records and its interpretation of those records shall be presumptively correct and shall control in resolving any issue or dispute.

**G.     Settlement Class Member's Response to Exclusion Form (Opt-Out).**

1.      A Settlement Class Member who wishes to be excluded from the Class
Settlement must complete and sign the Request for Exclusion Form, and
return it to the Claims Administrator postmarked no later than forty-five
(45) calendar days after the original date of the Claims Administrator's
mailing of the Request for Exclusion Form (the "Opt-Out Deadline"). Any
Settlement Class Member who submits a valid and timely Request for
Exclusion Form shall not be a Participating Class Member, shall be barred
from receiving any settlement proceeds, and shall receive no benefit from
this settlement.

2.      To the extent a Settlement Class Member submits a Request for Exclusion
Form which modifies or amends the language in the Request for Exclusion
Form, the Parties each reserve the right to seek review by the Court to
have the Request for Exclusion declared valid or invalid.

3.      Any Settlement Class Members who do not timely request exclusion (i.e.
opt out) of the proposed settlement shall be bound by the resolution of any
and all issues arising in connection with Settlement Class claims for relief,
including for attorneys' fees and costs.

**H.      Record Keeping and Reporting Obligations Prior To Final Approval.**

1.      As soon as practicable following the Opt-Out Deadline, and in all events
no later than seven (7) business days after the Opt-Out Deadline, the
Claims Administrator will provide Class Counsel and Counsel for
Defendant with a declaration attesting to completion of the notice process
set forth in this Section II, including an explanation of efforts to re-send
undeliverable notices returned with forwarding addresses, which
declaration will be filed with the Court by Class Counsel no later than
seven (7) calendar days after receipt.

2.      The Claims Administrator will stamp the date received, and if received by
United States First Class Mail, also the postmark date, on the original of

any Request for Exclusion Form it receives. On the Monday of each week from the time notice is mailed until the Opt-Out Deadline, the Claims Administrator will (a) provide a report to Class Counsel and Counsel for Defendant concerning receipt of Class Members' Request for Exclusion Forms, objections and returned mail, and (b) provide copies of the Request For Exclusion Forms it has received to Class Counsel and Counsel for Defendant by both email and overnight delivery.

3.      Within twenty-four (24) hours after the Opt-Out Deadline, the Claims Administrator shall (a) telephone both Class Counsel and Counsel for Defendant regarding the total number of Requests for Exclusion, and (b) send a final list of all Requests for Exclusion to Class Counsel and Counsel for Defendant by both email and overnight delivery. Within three (3) business days after the Opt-Out Deadline, the Claims Administrator shall file the stamped originals of all Request for Exclusion Forms and the originals of all envelopes accompanying the Request for Exclusion Forms with the Clerk of Court, and serve copies of these materials by mail on Class Counsel and Counsel for Defendant.

## I.      **Election To Vacate The Settlement**

1.      If more than ten percent (10%) of the individuals within the definition of the Settlement Class collectively timely request exclusion from the Action and/or settlement, Defendant shall have the option, in its sole discretion, and notwithstanding any other provisions of this Settlement Agreement, to withdraw from the Settlement Agreement in its entirety, whereupon the Settlement Agreement shall be null and void for any and all purposes. If Defendant elects to exercise its rights under this provision, it will so notify Class Counsel and the Court no later than ten (10) business days after receiving written notice via overnight delivery from the Claims Administrator pursuant to Section II(H)(3) above of the number of opt-outs.

2.      If the Court disapproves of or refuses to enforce any material portion of this Agreement, Defendant shall also have the option, in its sole discretion, and notwithstanding any other provisions of this Settlement Agreement, to withdraw from the Settlement Agreement as it pertains to the Settlement in its entirety, whereupon it shall be null and void for any and all purposes. Defendant may exercise its option to void this Settlement Agreement as provided in this paragraph by giving notice, in writing, to Class Counsel and to the Court no later than (10) business days of the entry of the Court's order disapproving or refusing to enforce any material portion of this Agreement.

J.      **Objections to Settlement.**

1.      Any Participating Class Member who wishes to present objections to the Proposed Settlement must do so in writing. Written objections shall be filed with the Court, with copies sent to Class Counsel and Counsel for Defendant, not later than forty-five (45) calendar days following the date of mailing of the original Notice of Class Action Settlement. All objections must state with particularity the basis therefore. Further, if any objector intends to appear at the Final Fairness and Approval Hearing whether in person or through counsel, he or she will include Notice of that fact and state the purpose for his or her appearance in his or her objection.

2.      Any Participating Class Member who fails to file a timely written objection shall be foreclosed from objecting to this settlement, unless otherwise permitted by the Court.

3.      Class Counsel and Counsel for Defendant will file any responses to any written objections submitted to the Court in accordance with this Settlement Agreement at least seven (7) calendar days before the Final Fairness and Approval Hearing.

K.      **Final Fairness and Approval Hearing.**

13

1.      On the date set forth in the Order for Class Notice of Settlement and Fairness Hearing, which will be no later than sixty (60) calendar days after the Preliminary Approval Date or on such date as the Court deems appropriate, a Final Fairness and Approval Hearing will be held before the Court in order to consider and determine (i) whether the Court should give this Settlement Agreement final approval; (ii) Class Counsel's application for Attorneys' Fees and Litigation Costs, (iii); (iii) whether the Court should award a representation fee; and (iv) any timely objections made pursuant to Section II and all responses by the Named Plaintiff and Defendant to such objections.

2.      At the Final Fairness and Approval Hearing, Plaintiffs and Defendant will ask the Court to give final approval to this Settlement Agreement. Any reduction by the Court of the amounts sought by Class Counsel for Attorneys' Fees and/or Litigation Costs, shall in no way alter the obligations of the Parties or Class Counsel under this Settlement Agreement or its validity. Defendant agrees not to appeal from any Court ruling on Plaintiffs' application for Attorneys' Fees and Litigation Costs.

3.      If Plaintiffs' and Defendant's request for final approval is granted, Judgment on Settlement of Dismissal with Prejudice shall be entered in the Action. Class Counsel shall furnish the Claims Administrator with a copy of the Judgment on Settlement of Dismissal with Prejudice and serve notice of entry of Judgment on Settlement of Dismissal with Prejudice on Defendant within five (5) business days of receiving it.

L.      **Post-Final Approval Reporting Obligations And Payment Procedures.**

1.      Prior to the payment of any portion of the Settlement Proceeds relating to the Action, Named Plaintiff and Class Counsel agree that the following conditions must be satisfied: final Court approval of the Settlement

LA 131716579v2

Agreement, entry of the Judgment on Settlement of Dismissal with Prejudice, and reaching the Effective Date of Settlement.

2. As soon as practicable after the Effective Date of Settlement, and in no event later than five (5) business days after the Effective Date of Settlement, the Claims Administrator will provide Class Counsel and Counsel for Defendant with a final report listing (a) the names of all Participating Class Members, (b) the Settlement Payment for each Participating Class Member, (c) the total of all Settlement Payments to be distributed to the Participating Class Members, and (d) any additional amount required by law to be paid by the employer to any federal, state or local tax authority.

3. The Settlement Payments to Settlement Class Members described in Sections II.C.2 above, are deemed to be comprised of 5% wages, 85% penalties and 10% interest. The wage component of each such payment (a) shall be subject to required withholdings and deductions so that the net amount payable will be less than the gross amount; and (b) shall be reported in the year of payment as wage income to each Participating Class Member on an IRS Form W-2 or analogous form. All taxes and withholdings required by law, including those to be paid by Defendant to any federal, state or local tax authority, shall be deemed to be part of the wage portion of the Settlement Payment, and are included within the Settlement Proceeds. Concerning the penalties component of any such payment, any such Settlement Payment shall be reported in the year of payment as penalties, interest and other consideration to the Participating Class Member on an IRS Form 1099 or analogous form. Neither Defendant itself nor the Claims Administrator shall be responsible for withholding or making payroll or income tax payments on any portion of the Settlement Payments to Settlement Class Members.

LA 131716579v2

4.      Other than the withholding and reporting requirements specifically set forth above, Participating Class Members shall be solely responsible for correctly characterizing, reporting and paying any federal, state and/or local income or other tax and other withholdings, if any, on any Settlement Payment made pursuant to this Settlement Agreement. The Parties agree that Defendant has not made any representations as to the taxability of any portion of the Settlement Payments, Litigation Costs, Attorneys' Fees or Individual Plaintiff Payments and that this Settlement Agreement provides Settlement Class Members with a reasonable and adequate opportunity to seek tax advice prior to responding to the Notice of Class Action Settlement. In the event of an audit of Defendant or the Claims Administrator with respect to this Settlement by any state or federal government agency, or if any tax authority should dispute the characterization of any of the Settlement Payments, Defendant reserves all rights to indemnification permitted by law.

5.      Other than as set forth above, Defendant will not, unless otherwise required by law, make any deductions, withholdings or additional payments, including without limitation, medical or other insurance payments or premiums, employee 401(k) contributions, from Settlement Payments to Participating Class Members. Settlement Payments made to Participating Class Members shall not create any credit or otherwise affect the calculation of any deferred compensation, benefit, or other compensation plan provided at any time by Defendant, nor will such payments be construed as compensation for purposes of determining eligibility for any health or welfare benefits or unemployment compensation.

6.      Subject to the approval of the Settlement Agreement by the Court, upon receipt of the Claims Administrator's final report as specified in Section II(L)(2), and as soon as practicable thereafter, but in no instance more than

LA 131716579v2

five (5) business days after receipt of the final report, Defendant will (a) provide to the Claims Administrator a list reflecting withholding information based on each Participating Class Member's most recent IRS Form W-4 on file with Defendant, or if no such IRS Form W-4 is available, then as if the Participating Class Member were a single tax payer with no dependents; and (b) wire to the Claims Administrator (i) the total amount of Settlement Payments for processing and distribution to the Participating Class Members, (ii) any additional amounts required by law to be paid by the employer to any federal, state or local tax authority, and (iii) the amounts of Court-approved Litigation Costs, Attorneys' Fees and Incentive Awards for processing and distribution.

7.      Subject to the approval of the Settlement Agreement by the Court, upon receipt of the amounts provided by Defendant for processing and disbursement and as soon as practicable thereafter, but in no instance more than five (5) business days after receipt, the Claims Administrator shall commence disbursement of the Settlement Payments as contemplated in Section II to each Participating Class Member by first class U.S. mail.

8.      Subject to the approval of the Settlement Agreement by the Court, upon receipt of the amounts provided by Defendant for processing and disbursement and as soon as practicable thereafter, but in no instance more than five (5) business days after receipt, the Claims Administrator will cause to be paid to Class Counsel the amount allocated by the Court toward reasonable attorneys' fees for the Action.        The Claims Administrator will wire such Class Counsel Attorneys' Fees and costs to Class Counsel pursuant to written instructions from Class Counsel. The attorneys' fees will be reported on an IRS Form 1099 using Class Counsel's taxpayer number, and the form will be provided to Class Counsel and the pertinent taxing authorities as required by law.

*LA 131716579v2*

9.      Subject to the approval of the Settlement Agreement by the Court, upon receipt of the amounts provided by Defendant for processing and disbursement and as soon as practicable thereafter, but in no instance more than five (5) business days after receipt, the Claims Administrator will cause to be paid to Class Counsel amounts allocated by the Court toward reasonable Litigation Costs.  The Litigation Costs will be reported on an IRS Form 1099 using Class Counsel's taxpayer number, and the form will be provided to Class Counsel and to the pertinent taxing authorities as required by law.

Subject to the approval of the Settlement Agreement by the Court, upon receipt of the amounts provided by Defendant for processing and disbursement and as soon as practicable thereafter, but in no instance more than five (5) business days after receipt, the Claims Administrator will cause the following Individual Plaintiff Payments to be paid to each of the Plaintiffs: $5,000 to Karen Taylor and $5,000 to Paulisa Fields.   The Individual Plaintiff Payments are in exchange for the general release given by each as part of this Agreement.  The Individual Plaintiff Payments will be comprised of 5% wages, 85% penalties and 10% interest for purposes of tax reporting as non-wage income. The Claims Administrator will withhold all required federal, state, and local income and employment taxes in accordance with applicable federal, state, and local withholding requirements. Subject to the approval of the Settlement Agreement by the Court, upon receipt of the amounts provided by Defendant for processing and disbursement and as soon as practicable thereafter, but in no instance more than five (5) business days after receipt, the Claims Administrator will cause such additional payments to be paid to each of the Plaintiffs as the Court may award. The Claims Administrator will withhold all required federal, state, and local income and employment taxes in accordance with applicable federal, state, and local withholding requirements. The Claims

18

Administrator may pay the Individual Plaintiff Payments by mailing these checks to them, directly.

10.     No person shall have any claim against Plaintiffs, Class Counsel, the Claims Administrator, any agent designated by Class Counsel, Defendant, or Counsel for Defendant based upon the distributions made substantially in accordance with this Settlement Agreement, the allocation of the Settlement Proceeds among Settlement Class Members hereunder, and/or further orders of the Court.

**M.**     **No Additional Settlement Amounts.**

1.     The payment of monies pursuant to this Settlement Agreement constitutes a fair, reasonable, and adequate settlement of all Released Claims.

2.     Defendant's monetary obligation under this Settlement Agreement is limited to the amounts of the Settlement Proceeds specified herein. Defendant shall not be required to contribute additional amounts to the Settlement Proceeds under any circumstances, provided, however, that Defendant may be responsible to make additional payments to the Claims Administrator for Administrative Costs.

3.     Participating Class Members will have 120 calendar days in which to negotiate (cash or deposit) their Settlement Checks from the date on which they are mailed. If any Settlement Check is not negotiated within that period of time, it will be voided. In the event that any Settlement Check is returned to the Claims Administrator within 120 calendar days of mailing, the Claims Administrator will, within five (5) business days of receipt of the returned Settlement Check, notify Class Counsel and Counsel for Defendant so that Class Counsel can attempt to locate the Participating Class Member. Any individual settlement amounts or portions thereof which remain unclaimed for any reason 120 calendar days following the mailing of the Settlement Check shall be deemed void. The amount of the

19

voided checks shall be paid to the California State Bar (consistent with California Code of Civil Procedures section 384(a))..

4.   No further relief in the form of an injunction or other relief is agreed to, necessary or appropriate.

### N.   Other Remedial Consideration.

In the event that this Settlement Agreement is canceled, rescinded, terminated, voided or nullified, however that may occur, Defendant shall have no obligation to pay any of the $435,000 Settlement Proceeds allocated toward settlement of the Action, including Class Counsel Attorneys' Fees, except that Defendant will be obligated to pay any sums, up to $15,000 reasonably incurred by the Claims Administrator as of the date the cancellation, rescission, termination, voidance or nullification.

## III.   LIMITATIONS ON USE OF THIS SETTLEMENT

### A.   No Admission.

Neither the acceptance nor the performance by Defendant of the terms of this Settlement Agreement nor any of the related negotiations or proceedings is or shall be claimed to be, construed as, or deemed a precedent or an admission by Defendant of the truth of any allegations in the Action, the claimed representative nature of the Action or the suitability for class treatment, the validity of any claims that were or could have been asserted by Plaintiff, by any Settlement Class Member (including any individual who requested to be excluded from the Settlement Class), or of any liability of Defendant in the Action.

### B.   Non-Evidentiary Use.

Neither this Settlement Agreement nor any of its terms, nor any statements or conduct in the negotiation or drafting of it, shall be offered or used as evidence by Plaintiff, any member of the Settlement Class (including any individual who

requested to be excluded from the Settlement Class), Defendant, or their respective counsel, in the Action, or in any other action or proceeding; provided, however, that nothing contained in this Section III shall prevent this Settlement Agreement from being used, offered, or received in evidence in any proceeding to enforce, construe, or finalize this Settlement Agreement.

C.    **No Collateral Attack.**

This Settlement Agreement shall not be subject to collateral attack by any Settlement Class Member or any recipient of the Class Notice after the Effective Date of Settlement. Such prohibited collateral attacks shall include but not be limited to claims that a Settlement Class Member's Settlement Payment was improperly calculated or adjusted, or that any member of the Settlement Class failed to timely submit a request for exclusion for any reason.

D.    **Nullification in Parts.**

1.    If either (a) the Court should for any reason fail to approve this settlement in the form agreed to by the Parties; or (b) the Judgment on Settlement of Dismissal with Prejudice is reversed, modified or declared or rendered void, then (i) the portions of this settlement shall be considered null and void, (ii) neither this settlement nor any of the related negotiations or proceedings shall be of any force or effect, (iii) all Parties and Class Counsel to this settlement shall stand in the same position, without prejudice, as if the settlement had been neither entered into nor filed with the Court, and (iv) neither the Settlement Class nor Class Counsel shall receive any benefit, nor suffer any detriment from this settlement.

2.    Invalidation of any portion of this Settlement Agreement related to the Action shall invalidate this Settlement Agreement with respect to the Action, unless the Parties shall agree in writing that the remaining provisions shall remain in full force and effect.

# IV.    RELEASES

21

A.      **Named Plaintiff Karen Taylor's Release**

It is the desire of Plaintiff Karen Taylor, and Defendant to fully, finally, and forever settle, compromise, and discharge all disputes and claims arising from or related to her employment with Defendant.   Upon signing this Settlement Agreement and in exchange for the consideration promised hereunder, Plaintiff Karen Taylor shall be deemed to have fully, finally and forever released, relinquished and discharged each and all of the Released Parties from any and all claims of any sort, including without limitation the Released Claims, as of and through the date of this Settlement Agreement, including without limitation all claims or remedies asserted in the complaints and amended complaints in the Action.   To the maximum extent allowable under California law, and as necessary to release claims to the full extent permissible by law, Karen Taylor agrees that she waives and relinquishes all rights and benefits they may have under Section 1542 of the Civil Code of the State of California, or any similar statute or law of any other jurisdiction. Section 1542 reads as follows:

> Section 1542. General Release. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

B.      **Plaintiff Paulisa Field's Release**

It is the desire of Plaintiff Paulisa Fields, and Defendant to fully, finally, and forever settle, compromise, and discharge all disputes and claims arising from or related to her employment with Defendant.   Upon signing this Settlement Agreement and in exchange for the consideration promised hereunder, Plaintiff Paulisa Fields shall be deemed to have fully, finally and forever released, relinquished and discharged each and all of the Released Parties from any and all claims of any sort, including without limitation the Released Claims, as of and through the date of this Settlement Agreement, including without limitation all

22

*LA 131716579v2*

claims or remedies asserted in the complaints and amended complaints in the Action.   To the maximum extent allowable under California law, and as necessary to release claims to the full extent permissible by law, Paulisa Fields agrees that she waives and relinquishes all rights and benefits they may have under Section 1542 of the Civil Code of the State of California, or any similar statute or law of any other jurisdiction. Section 1542 reads as follows:

> Section 1542. General Release. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

C.     **Defendant's Release**

Upon signing this Settlement Agreement and in exchange for the consideration promised hereunder, Defendant shall be deemed to have fully, finally and forever released, relinquished and discharged Karen Taylor and Paulisa Fields of all potential claims pertaining to their employment through the date of this Settlement Agreement.   To the maximum extent allowable under California law, and as necessary to release claims to the full extent permitted by law, Defendant agrees that it waives and relinquishes all rights and benefits it may have under Section 1542 of the Civil Code of the State of California, or any similar statute or law of any other jurisdiction. Section 1542 reads as follows:

> Section 1542. General Release. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

D.     **Participating Class Members' Release and Waivers.**

1.     Each Participating Class Member shall be deemed to have made the following Release and Waivers as if by manually signing: "any and all

23

claims, demands, rights, liabilities, and/or causes of action of any nature and description whatsoever, known or unknown, in law or in equity, whether concealed or not concealed or hidden, from the beginning of time through the Preliminary Approval Date arising from any failure by Defendant to include spiff awards in the calculation of the regular rate of pay for purposes of paying overtime compensation, including derivative claims for inaccurate wage statements and California Labor Code Private Attorney General Act penalties for any pay period in which a spiff was earned by a Participating Class Member, as well as waiting time penalties. No FLSA or other claims are released by this Settlement Agreement.

E.      **Waiver of California Labor Code Section 206.5.**

Plaintiffs and the Participating Class Members agree that all of the claims for wage and hour and payroll practice violations in the Action are disputed, and that the payments set forth herein constitute payment in full of any and all amounts allegedly due to them. In light of the foregoing, Plaintiffs and each and every Participating Class Member shall be deemed to have acknowledged and agreed that California Labor Code section 206.5 is not applicable to the Parties hereto. That section provides in pertinent part as follows:

> An employer shall not require the execution of a release of a claim or right on account of wages due, or to become due, or made as an advance on wages to be earned, unless payment of those wages has been made.

V.      **MISCELLANEOUS PROVISIONS**

A.      **Amendments.**

1.      The terms and provisions of this Settlement Agreement may be amended only by a written agreement which is signed by Class Counsel on behalf of Plaintiffs and Counsel for Defendant on behalf of Defendant. In addition, no amendment of this Settlement Agreement made after mailing of the

24

Notice of Class Action Settlement by the Claims Administrator shall be valid unless approved by the Court, except as otherwise provided herein.

2.      The Parties agree that time is of the essence, including but not limited to all deadlines with respect to the claims administration, the payment of claims, the payment of attorneys' fees and costs. Nevertheless, the Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Settlement Agreement, without further notice to the Court, subject to Court approval as to Court dates. Any such extensions shall be in writing and signed by counsel for the Parties.

B.      **No Inducements.**

Plaintiffs acknowledge that they are entering into this Settlement Agreement as a free and voluntary act without duress or undue pressure or influence of any kind or nature whatsoever and that they have not relied on any promises, representations or warranties regarding the subject matter hereof other than as set forth in this Settlement Agreement.

C.      **Representations and Warranty.**

Any Class Counsel Attorneys' Fees or Litigation Costs awarded by the Court will be paid to the law firms of Harris & Ruble and Blecher, Collins, Pepperman & Joye, and said firms represent and warrant that they are authorized by Plaintiffs to enter into this Settlement Agreement and to receive this payment, and releases Defendant and Counsel for Defendant for any claim by any other law firm arising out of the payment of attorneys' fees and costs. Class Counsel, Plaintiffs and the Settlement Class Members jointly and severally represent and warrant to Defendant and Counsel for Defendant that, other than the law firm of Harris & Ruble and Blecher, Collins, Pepperman & Joye, they are aware of no other attorneys who have claims for fees or costs arising out of the prosecution of this Action or the settlement contemplated hereby.  Class Counsel further represent and warrant that they are authorized to execute this Settlement Agreement and

25

any amendments thereto on behalf of the Settlement Class and to take all appropriate actions required or permitted pursuant to this Settlement Agreement in order to effectuate its terms.

D.    **No Assignment.**

None of the rights, commitments, or obligations recognized under this Settlement Agreement may be assigned by any of the Plaintiff, Class Counsel, or Defendant without the express written consent of the other Party, and their or its respective counsel.    The representations, warranties, covenants, and agreements by Defendant contained in this Settlement Agreement are for the sole benefit of Plaintiffs and the Settlement Class Members under this Settlement Agreement, and shall not be construed to confer any right or to avail any remedy to any other person.

E.    **Governing Law.**

This Settlement Agreement shall be governed, construed, and interpreted, and the rights of Plaintiffs, the Settlement Class Members, Class Counsel, and Defendant and the Released Parties shall be determined in accordance with California law without regard to its conflicts of laws principles.

F.    **Entire Agreement.**

This Settlement Agreement, including the Exhibits referred to herein which form an integral part hereof, contains the entire understanding of Plaintiffs, Class Counsel, and Defendant in respect of the subject matter contained herein. This Settlement Agreement has been drafted jointly and is not to be construed against any party. In case of any conflict between text contained in this Settlement Agreement and text contained in Exhibits to this Settlement Agreement, the former shall be controlling. There are no restrictions, promises, representations, warranties, covenants, or undertakings governing the subject matter of this Settlement Agreement other than those expressly set forth or referred to herein. This Settlement Agreement supersedes all prior agreements and understandings

26

among Plaintiffs, Class Counsel, and Defendant with respect to the settlement of the Action.

G.    **Counterparts.**

This Settlement Agreement, and any amendments hereto, may be executed in any number of counterparts, each of which when executed and delivered shall be deemed to be an original and all of which taken together shall constitute but one and the same instrument.

H.    **Attorneys' Fees and Costs.**

Neither Class Counsel nor any other attorneys acting for, or purporting to act for the Settlement Class, Settlement Class Members or Plaintiffs may recover or seek to recover any amounts for fees, costs or disbursements from the Released Parties except as expressly provided herein.

I.    **Condition Precedent**

All obligations set forth in this Settlement Agreement are contingent on the District Court issuing a stay of all proceedings and deadlines in this action within 10 days of execution of this Agreement by all Parties, and until such time as

LA 131716579v2

preliminary approval is granted or denied and, if granted, until such times a final approval is granted or denied.

IT IS AGREED.

KAREN TAYLOR

Date:   November __, 2014

_____
Karen Taylor, Plaintiff

PAULISA FIELDS

Date:   November __, 2014

_____
Paulisa Fields, Plaintiff

WEST MARINE PRODUCTS, INC.

Date:   November _18_, 2014          By: _____
Pam Fields
Sr. Vice President and General Counsel
of West Marine Products, Inc.

*Approved as to form:*

HARRIS & RUBLE

Date:   November __, 2014          By: _____
Alan Harris
Attorney for Plaintiffs

GREENBERG TRAURIG, LLP

Date:   November _18_, 2014          By: _____
Mark D. Kemple
Attorney for Defendant West Marine Products, Inc.

28

preliminary approval is granted or denied and, if granted, until such times a final
approval is granted or denied.

IT IS AGREED.

KAREN TAYLOR

Date:   November 19, 2014                _____
                                         Karen Taylor, Plaintiff

PAULISA FIELDS

Date:   November ___, 2014               _____
                                         Paulisa Fields, Plaintiff

WEST MARINE PRODUCTS, INC.

Date:   November ___, 2014               By: _____
                                             Pam Fields
                                         Sr. Vice President and General Counsel
                                         of West Marine Products, Inc.

*Approved as to form:*

HARRIS & RUBLE

Date:   November 20, 2014                By: _____
                                             Alan Harris
                                         Attorney for Plaintiffs

GREENBERG TRAURIG, LLP

Date:   November ___, 2014               By: _____
                                             Mark D. Kemple
                                         Attorney for Defendant West Marine Products, Inc.

preliminary approval is granted or denied and, if granted, until such times a final approval is granted or denied.

IT IS AGREED.

KAREN TAYLOR

Date:   November ___, 2014

_____
Karen Taylor, Plaintiff

PAULISA FIELDS

Date:   November 19, 2014

_____
Paulisa Fields, Plaintiff

WEST MARINE PRODUCTS, INC.

Date:   November ___, 2014

By:   _____
Pam Fields
Sr. Vice President and General Counsel
of West Marine Products, Inc.

*Approved as to form:*

HARRIS & RUBLE

Date:   November ___, 2014

By:   _____
Alan Harris
Attorney for Plaintiffs

GREENBERG TRAURIG, LLP

Date:   November ___, 2014

By:   _____
Mark D. Kemple
Attorney for Defendant West Marine Products, Inc.

# EXHIBIT A

29

1  GREENBERG TRAURIG, LLP
   MARK D. KEMPLE (SBN 145219)
2  ASHLEY M. FARRELL (SBN 271825)
   1840 Century Park East, Suite 1900
3  Los Angeles, California 90067
   Telephone:    (310) 586-7700
4  Facsimile:    (310) 586-7800
5  Email:        kemplem@gtlaw.com;
   Email:        farrella@gtlaw.com
6
   Attorneys for Defendant
7  WEST MARINE PRODUCTS, INC.

8

9              IN THE UNITED STATES DISTRICT COURT

10          FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12  KAREN TAYLOR, individually and on       CASE NO. 3:13-cv-04916-WHA
    behalf of all others similarly situated, and
13  PAULISA FIELDS,                          [PROPOSED] ORDER GRANTING
                                             PRELIMINARY APPROVAL OF CLASS
14              Plaintiffs,                   ACTION SETTLEMENT, APPROVING
                                             NOTICE, AND SETTING DATE FOR
15  v.                                       FINAL APPROVAL HEARING

16  WEST MARINE PRODUCTS, INC.,             Action Filed:   October 23, 2013

17              Defendant.

18

19

20

21

22

23

24

25

26

27

28
    ─────────────────────────────────────────────────────────────
    ORDER GRANTING PRELIMINARY APPROVAL, APPROVING NOTICE, AND SETTING DATE
    FOPR FINAL APPROVAL HEARING
    LA 131896615v1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

        The Joint Motion for Preliminary Approval of Class Action Settlement ("Joint Motion") filed by

Plaintiff Karen Taylor ("Plaintiff") and Defendant West Marnie Products, Inc. ("Defendant") came

regularly for hearing before this Court on _____, 2014.  After consideration of all the papers filed

in connection therewith, the arguments of counsel, and all other matters presented to the Court, the

Court hereby makes a preliminary finding that the proposed class action settlement is fair, reasonable,

adequate and in the best interests of the settlement class.  Good cause appearing therefore, the Court

**GRANTS** the Joint Motion and **ORDERS** as follows:

        1.      The terms of the settlement agreement reached by Plaintiff and Defendant, as set forth in

the Settlement Agreement, are hereby preliminarily approved as being fair, reasonable and adequate to

the members of the Settlement Class, subject to further consideration at the final approval hearing after

the distribution of the notice to the members of the Settlement Class as provided in paragraph 6 of this

Order.

        2.      The following settlement class is preliminarily approved for settlement purposes only,

and is referred to herein as the "Class":  all hourly paid current or former employees of Defendant in

California who were paid for daily overtime work and who were compensated with a spiff during the

workweek in which they accrued daily overtime work, at any time since October 23, 2009 to September

19, 2014.

        3.      Alan Harris and Priya Mohan of Harris & Ruble have  been appointed as counsel for the

Class.

        4.      Plaintiff Karen Taylor has been appointed as representative of the Class ("Class

Representative").

        5.      The form of "Notice of Class Action Settlement" ("Notice"), and the accompanying

"Exclusion or Opt-Out Request Form" ("Exclusion Request Form"), attached respectively as Exhibits 1

and 2 hereto, are hereby approved.

        6.      The Court authorizes mailing of the Notice and Exclusion Request Form to the

Settlement Class Members by first-class United States mail to their last known addresses within

10  (10) business days of [the Preliminary Approval Date]. Defendant shall provide the Claims

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

Administrator with the information necessary to conduct this mailing as set forth in the Settlement Agreement within seven (7) business days of [the Preliminary Approval Date].

7.      A hearing to consider and determine (i) whether the Settlement Agreement should be finally approved, (ii) whether Class Counsel's application for attorneys' fees should be approved, and (iii) whether the application for a Class Representative incentive award should be approved, is hereby set for _____ ___, 2014 at __:__ a.m.  All other deadlines in the Action will remained stayed pending the final approval hearing.

**IT IS SO ORDERED.**

Dated  _____          _____

                                                    William H. Alsup

                                                    United State District Court Judge

Respectfully submitted,

DATED: November ___, 2014          HARRIS & RUBLE

                                        By: _____
                                                    Alan Harris
                                              Attorney for Plaintiff Karen Taylor and Paulisa Fields

DATED: November ___, 2014          GREENBERG TRAURIG, LLP

                                        By  _____
                                                    Mark D. Kemple
                                              Attorneys for Defendant West Marine Products, Inc.

---

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

# EXHIBIT 1

According to West Marine Products, Inc. ("West Marine") records:  (1) you were employed by West Marine at a time between October 23, 2009  and September 19, 2014.

Your estimated individual settlement amount from the settlement described below is $_____$.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN TAYLOR, individually and on behalf of all others similarly situated, and PAULISA FIELDS, <br><br>         Plaintiffs, <br><br> v. <br><br> WEST MARINE PRODUCTS, INC., <br><br>         Defendant. | CASE NO. 3:13-cv-04916-WHA <br><br> **NOTICE OF CLASS ACTION SETTLEMENT** |

**The United States District Court for the Northern District of California ("the Court") authorized this Notice of Class Action Settlement ("Notice"). This is not a solicitation from a lawyer. The Court has given preliminary approval to a settlement of this lawsuit. If you were employed by West Marine in California at a point between October 23, 2009 and September 19, 2014, you should read this Notice carefully because it will affect your rights.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| Do NOTHING | Receive a payment.  Release certain claims as set forth below. |
| EXCLUDE YOURSELF | Submit a request for exclusion (also called an "opt out" request) to exclude yourself from the lawsuit and settlement, receive no money and do not release the claims alleged in this case. <br><br> If you wish to be excluded from the lawsuit and settlement, please follow the instruction on the enclosed Exclusion or Opt Out Request Form ("Exclusion Request Form"). |
| OBJECT | Submit a written objection to the Court. <br><br> If you disagree with the proposed settlement, you may submit an objection.  If the Court agrees with your objection, the parties can choose whether to withdraw the settlement or change its terms.  If the Court rejects your objection, you will still be entitled to participate in the settlement unless you have excluded yourself. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the settlement.  In order to speak at the hearing, however, you also must timely submit a written objection. |

- These rights and options—and the deadlines to exercise them—are explained in this Notice.

• The Court in charge of this case still needs to decide whether to finally approve the settlement. Payments will be made if the Court approves the settlement and after appeals (if any) are resolved.

## BASIC INFORMATION

| 1. | Why did I receive this Notice? |
|---|---|

You received this Notice because West Marine's records show that you were employed by West Marine during all or part of a time between October 23, 2009 and September 19, 2014. This Notice explains that the Court has granted preliminary approval of a proposed settlement of a class action lawsuit that may affect you. You have legal rights and options that you may exercise before the Court decides whether to grant final approval of the proposed settlement.

| 2. | What is this lawsuit about? |
|---|---|

**Plaintiff Karen Taylor ("Plaintiff") filed a complaint against West Marine Products, Inc. ("West Marine") on October 23, 2013, on behalf of herself and other employees in the United States District Court for the Northern District of California. The Action asserts that the Class Members are owed additional compensation for overtime hours worked based on an alleged miscomputation of overtime rates, as well as additional amounts for inaccurate itemized wage statements, and related penalties. The Plaintiff alleges that West Marine improperly failed to include spiff payments in the overtime-compensation calculation. The Plaintiff seeks damages for lost wages, interest, penalties, attorneys' fees and expenses. West Marine disputes these allegations and asserts that it properly paid its employees consistently with all applicable laws. The Court has allowed this case to proceed as a class action on behalf of the Spiff-Miscalculation Class, Wage Statement Class, and Former Employee Class. The Court has not made a decision regarding the ultimate merits of either party's position.**

| 3. | What is a class action and who is involved? |
|---|---|

In a class action lawsuit, one or more people called "Class Representatives" (in this case Karen Taylor) sues on behalf of other people who have similar claims. These people together are a "Class" or "Class Members." The employees who sued—and all the Class Members like them who do not opt-out of the litigation—are called the Plaintiffs. The company they sued (in this case West Marine) is called the Defendant. One court resolves the issues for everyone in the Class—except for those people who choose to exclude themselves from the Class. In this case, the Parties have decided to settle the case. The Court has made a preliminary determination that the proposed settlement appears fair, adequate, and reasonable. The Court will decide whether to finally approve the proposed settlement after the Settlement Class Members are given a chance to exclude themselves from or object to the proposed settlement.

| 5. | Is there any money available now? |
|---|---|

If the Court gives final approval to this settlement, participating class members will be sent a check for their portion of the settlement funds.

## THE SETTLEMENT BENEFITS-WHAT YOU RECEIVE

| 8. | What does the settlement provide? |
|---|---|

The proposed settlement requires West Marine to pay a Maximum Payment not to exceed four hundred and thirty-five thousand dollars ($435,000). That amount includes payments for attorneys' fees (up to $130,500) and costs (up to $30,000), an individual award for each of the two Plaintiffs (of up to $5,000 each), Claims Administration Costs (up to $15,000, with the Defendant to pay any excess), and a payment to the California Labor and Workforce Development Agency (up to $5,000). The amount remaining after these payments is the amount available to distribute to the class ("Net Settlement Amount"). Settlement proceeds will be paid to all Settlement Class Members who do not submit an Exclusion Request Form.

| 9. | What can I get from the settlement? |
|---|---|

The amount of your share of the Net Settlement Amount will be calculated on a pro rata basis as follows. First, thirty percent (30%) of the Net Settlement Amount will be allocated to waiting time penalties for Participating Class Members whose employment with Defendant ended prior to the Preliminary Approval Date, and divided equally among such persons. Second, each Participating Class Member also will be allocated the maximum underpayment amount specified for him as calculated by expert Stefan Boedeker utilizing the equation set forth in the Court's September 19, 2014 Order. Each Participating Class Member's total estimated recovery will be set forth in the Notice sent to him or her as found at Exhibit A-1 to this Settlement Agreement. Third, the balance of the Net Settlement Amount (after subtraction of the two items above) will be allocated among the Participating Class Members by dividing that balance by 707 less the number of individuals who opt-out from the Settlement and allocating that quotient to each Participating Class Member.

| 10. | Will taxes be withheld from my settlement payment? |
|---|---|

Your Individual Settlement Amount will include a wage portion (representing unpaid wages), and a non-wage portion (representing penalties, interest and other consideration). From the wage portion of each Settlement Class Member's Individual Settlement Amount, payroll deductions will be made for state and federal withholding taxes and any other applicable payroll deductions owed by the Settlement Class Member and West Marine as a result of the payment, resulting in a "Net Wage Component." The total of the Net Wage Component and the non-wage portion of the Individual Settlement Amount will be the Settlement Class Member's "Net Payment." The wage portion of the Settlement Class Member's Individual Settlement Amount will be reported to the appropriate taxing authorities on an IRS Form W-2 or analogous form. The non-wage portion of the Settlement Class Member's Individual Settlement Amount will be reported to the appropriate taxing authorities on an IRS Form 1099 or analogous form. Other than the withholding and reporting requirements specifically set forth above, Settlement Class Members are solely responsible for all taxes due on payments made pursuant to the settlement.

| 11. | If the settlement is approved, when will I receive my settlement payment? |
|---|---|

The Court has scheduled a Fairness/Final Approval Hearing on _____, 2014, at __:__ a.m. in Courtroom 8 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, at which time the Court will determine: (1) whether the proposed settlement should be approved as fair, reasonable and adequate to Participating Class Members; and (2) whether the applications for attorneys' fees, costs, and the Plaintiffs' awards should be approved. If the Court approves the settlement, an Order Granting Final Approval will be entered. It is neither required nor necessary that you attend the Fairness Hearing. Once the Order Granting Final Approval is signed by the Court, and if there is no appeal of the Court's order, then checks will be mailed out to the Class Members within approximately 10 days. If an appeal is filed, then distributions will be delayed until after final resolution of any appeals.

### HOW YOU RECEIVE A PAYMENT

| 12. | How can I receive a payment? |
|---|---|

**If this Notice was sent to you at your current address, you do not need to do anything further to receive payment. If this Notice was forwarded by the postal service, or if it was otherwise sent to you at an address that is not current, or if you have changed your address, then you should immediately notify the Claims Administrator in writing stating your name and past and current addresses.**

The Claims Administrator's address is:

[to be determined]

**Otherwise, you do not need to do anything to receive a payment so long as you do not exclude yourself from the Class.**

| 13. | What am I giving up if I stay in the class? |
|---|---|

If you do nothing, and the final approval is given the settlement (and not appealed) you be sent your settlement payment, but will be unable to sue West Marine or any of its past and present parents, subsidiaries, divisions, partners and affiliates, and their respective past and present stockholders, officers, directors, employees, managers, attorneys and insurers for any and all claims, demands, rights, liabilities, and/or causes of action of any nature and description whatsoever, known or unknown, in law or in equity, whether concealed or not concealed or hidden, from the beginning of time through the Preliminary Approval Date arising from any failure by Defendant to include spiff awards in the calculation of the regular rate of pay for purposes of paying overtime compensation, including derivative claims for inaccurate wage statements and California Labor Code Private Attorney General Act penalties for any pay period in which a spiff was earned by a Participating Class Member, as well as waiting time penalties ("Released Claims"). By failing to exclude themselves from the settlement, Participating Class Members acknowledge and agree that all of the claims for wage and hour and payroll practice violations in the Action are disputed, and that the Participating Class Members' Individual Settlement Amounts constitute payment in full of any and all amounts allegedly due to them. In light of the foregoing, Participating Class Members shall be deemed to have acknowledged and agreed that California Labor Code section 206.5 is not applicable to the Parties hereto. That section provides in pertinent part as follows: "An employer shall not require the execution of a release of a claim or right on account of wages due, or to become due, or made as an advance on wages to be earned, unless payment of those wages has been made." Your settlement check will include language indicating that, by endorsing the check, you are agreeing to waive or release the Released Claims.

| 14. | What if I get my payment and don't cash it? |
|-----|---------------------------------------------|

If you receive the payment and do not cash your check, you will still be bound by the terms of the settlement and you will release all claims released under this settlement. After 100 days, the Claims Administrator will stop payment on your check.

| 15. | What happens if I do nothing at all? |
|-----|--------------------------------------|

If you do nothing, you will receive a payment from the settlement and you will be bound by the terms of the settlement. For further information, you can speak with Class Counsel in this case identified below.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to retain the right to pursue claims against West Marine alleged in this case and/or you do not want a payment from this settlement, then you must take certain steps. This is called excluding yourself, and is also referred to as "opting out" of the settlement. **DO NOT EXCLUDE YOURSELF IF YOU WISH TO RECEIVE MONEY FROM THIS SETTLEMENT.**

| 16. | How do I request to be excluded from the settlement? |
|-----|------------------------------------------------------|

To exclude yourself from the settlement, you must submit a written statement requesting exclusion from the Class by certified mail, postmarked on or before_____, 2014, or by some other means so that it is actually received by the Claims Administrator on or before_____, 2014. Your written request for exclusion must contain your full name, the last four digits of your Social Security number, your mailing address and your telephone number. You must return your request to:

West Marine Class Action Administrator
c/o [be deteremined]

If you wish, you may use the Exclusion Request Form attached to this Notice to opt out of the settlement.

| 17. | If I do not exclude myself, can I sue West Marine for the same claims later? |
|-----|-----------------------------------------------------------------------------|

No. If you do not submit a valid and timely request for exclusion postmarked by_____, 2014 or deliver it by some other method so that it is received by the Claims Administrator no later than_____, 2014, you will be bound by all terms of the settlement and any Final Judgment entered in the Action, if the settlement is approved by the Court. The settlement and Final Judgment will include a full release of claims in this Action, which will prevent you from suing

West Marine or any related persons or entities for the claims released by the settlement. If you have a pending lawsuit, speak to your lawyer in that case immediately.

| 18. | If I exclude myself, can I get money from this settlement? |
|---|---|

No. If you exclude yourself, you are asking not to be included in the settlement.

## THE LAWYERS REPRESENTING YOU

| 19. | Do I have a lawyer in this case? |
|---|---|

The Court has approved Harris & Ruble as Class Counsel to represent you and all Settlement Class Members. You do not need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want to hire your own lawyer, you may do so at your own expense. For example, you can hire your own legal counsel to appear in Court for you if you want someone other than Class Counsel to speak for you.

| 20. | How will the lawyers and the Class Representative be paid? |
|---|---|

The amount of attorney's fees and costs awarded to the Class Counsel will be subject to the Court's discretion. You will not have to pay these fees and expenses separately. Class Counsel will request that the Court approve an award of attorneys' fees and litigation costs. Class Counsel will also request that the Plaintiffs receive an additional award. The amount of attorneys fees and costs awarded to Class Counsel and any awards to the Plaintiffs will be subject to the Court's discretion. Class Counsel has been prosecuting the Action on behalf of the Class on a contingency fee basis (that is, without being paid to date) while advancing litigation costs and expenses. The attorney's fees and costs awarded by the Court will constitute full compensation for all legal fees and expenses of Class Counsel in the Action, including any work they do in the future. Lastly, as part of the preliminary approval of the settlement, the Court has approved payment of claims administration expenses in the amount of up to fifteen thousand dollars ($15,000) to the Claims Administrator from the Maximum Payment.

## OBJECTING TO THE SETTLEMENT

| 21. | How do I object? |
|---|---|

If you think that the proposed settlement is unfair, inadequate or unreasonable, you can object to the proposed settlement. If you object, and if the Court approves the proposed settlement, then you will still receive a share of the settlement money, and you will be bound by the terms of the release as set forth in the answers to Questions 12 through 15 above, unless you exclude yourself from the settlement.

If you want to object to any part of the settlement, you must file a written objection with the Court stating with particularity the basis for the objection. If you intend to appear at the Final Fairness and Approval Hearing, whether in person or through counsel, you must include notice of that fact, and state the purpose for your appearance in the written objection. Any notice and/or written objection must be filed with the Court and copies thereof must be mailed or personally delivered to the attorneys listed below no later than _____, 2014.

All objections should reference the case name and number (*Karen Taylor, individually and on behalf of all others similarly situated, and Paulisa Fields v. West Marine Products, Inc.* (Case No. 13-CV-04916-WHA) and be filed with the Clerk of Court no later than _____, 2014 at:

United States District Court, Northern District of California
450 Golden Gate Avenue, Courtroom 8, San Francisco, CA 94102

Copies of all documents filed with the Clerk of Court must be mailed or personally delivered to the following no later than _____, 2014:

```
CLASS COUNSEL
Alan Harris
Priya Mohan
HARRIS & RUBLE
4771 Cromwell Avenue
Los Angeles, California 90027
Telephone: (323) 962-3777
Facsimile: (323) 962-3004
Email: aharris@harrisandruble.com
Email: pmohan@harrisandruble.com

DEFENDANT"S COUNSEL
Mark D. Kemple
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Email: kemplem@gtlaw.com
```

If you object in the manner provided above, then you or your attorney may appear at the Final Approval Hearing, currently set for _____ ___, 2014, at __:__ a.m. at Courtroom 8 of the United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102. However, if you do not object in the manner provided above, your objection may be considered waived and you will not be able to make any other or later objection to the fairness, reasonableness or adequacy of the proposed settlement, the award of attorneys' fees and costs, or Class Representative's Incentive Award.

| 22. | What's the difference between objecting and excluding? |

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing, the Honorable William H. Alsup, presiding, on _____ ___, 2014, at __:__ a.m. at Courtroom 8 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, to determine whether the proposed settlement of the Action is fair, adequate, reasonable and should be finally approved by the Court, and whether the Action should be dismissed on the merits with prejudice. At the hearing, Class Counsel will speak on your behalf and answer any questions Judge Alsup might have.

| 23. | May I attend the hearing and speak? |

Anyone may attend this hearing. If you are a Class Member and wish to speak, you must file and serve an objection as described above before you can speak at the hearing.

## GETTING MORE INFORMATION

| 24. | Are there more details about the settlement? |

This Notice summarizes the proposed settlement. For a more detailed statement of the matters involved in the Action, you may refer to the Joint Motion for Preliminary Approval of Class Action Settlement, and any other pleadings and papers filed in the Action, which may be inspected at the office of the Clerk of Court located at 450 Golden Gate Avenue, San Francisco, CA 94102, during regular business hours of each Court day. Or, you may contact Class Counsel (see contact information in Question 26 below).

| 25. | Can I read a copy of the settlement agreement? |
|-----|------------------------------------------------|

Yes.  A copy of the settlement agreement may be found as part of the Joint Motion for Preliminary Approval of Class Action Settlement, which is available for your review at the office of the Clerk of Court at the address provided in Question 24 above, or you may contact Class Counsel (see contact information in Question 26 below).

| 26. | How do I contact Class Counsel to obtain additional information? |
|-----|------------------------------------------------------------------|

All questions regarding this Notice and/or the settlement should be directed to your Class Counsel at:

> CLASS COUNSEL Alan Harris
> Priya Mohan
> HARRIS & RUBLE 4771 Cromwell Avenue
> Los Angeles, California 90027
> Telephone: (323) 962-3777
> Facsimile: (323) 962-3004
> Email: aharris@harrisandruble.com
> Email: pmohan@harrisandruble.com

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, WEST MARINE, OR WEST MARINE'S ATTORNEYS WITH INQUIRIES.**

# EXHIBIT 2

West Marine Class Action Administrator
c/o Rust Consulting, Inc. – 4490
PO Box 2396
Faribault, MN 55021-9096
**EXCLUSION OR OPT-OUT REQUEST FORM**

Claim #
«Firstl» «Lastl»
«c/o»
«Address 1» «Address2»
«City», «ST» «Zip» «Country

*Karen Taylor, individually and on behalf of all others similarly situated, and Paulisa Fields v. West Marine Products, Inc.* (Case No. 13-CV-04916-WHA) (the "Action")

SUBMIT THIS FORM NOT LATER THAN _____, 2014 ONLY IF YOU WISH TO OPT OUT OF THE SETTLEMENT.

**DO NOT SUBMIT THIS EXCLUSION FORM IF YOU WISH TO RECEIVE MONEY FROM THE SETTLEMENT.**

I have reviewed the accompanying Notice of Class Action Settlement and understand that I was employed by West Marine Products, Inc. in California during all or part of the time from October 23, 2009 to September 19, 2014 and understand that I am therefore is a Class Member in the Action. I understand that this settlement is intended to compensate such Class Members.

I understand that I may exclude myself from, or "opt out" of, the class settlement of the Action. I understand that, in any separate lawsuit, I may receive nothing or less than I would have received if I had participated in the settlement. I understand that any separate lawsuit by me will be undertaken at my own expense and at my own risk, and that there is a deadline to pursue such claims known as the "statute of limitations." I understand that counsel for the class will not represent my interests if I opt out.

I understand that if I do not opt out, I will receive a payment if the class settlement of the Action is approved by the Court. ***I understand that, by requesting to be excluded from the class settlement, I will receive no money from the settlement in accordance with the Settlement Agreement entered into by Plaintiff and West Marine in the Action.*** No one has coerced or forced me to opt out; it is my own decision. **I opt out of the settlement.**

_____           _____
Printed Name                                            Signature

_____           ( ___ ) _____
Date (mm/dd/yyyy)                                   Telephone

_____
Mailing Address

_____   _____   _____
City                                      State                   Zip Code

__-__-__-__ (Last Four Digits of Social Security Number)

THIS FORM <u>MUST</u> BE POSTMARKED BY _____, 2014 OR, IF DELIVERED TO THE CLAIMS ADMINISTRATOR BY MEANS OTHER THAN UNITED STATES CERTIFIED MAIL, RECEIVED BY THE CLAIMS ADMINISTRATOR NOT LATER THAN _____, 2013 AT THE FOLLOWING ADDRESS:

West Marine Class Action Administrator
c/o [to be detemined

**YOU SHOULD <u>KEEP</u> <u>A</u> <u>COPY</u> OF THIS DOCUMENT FOR YOUR RECORDS. YOU MAY WISH TO MAIL IT RETURN RECEIPT REQUESTED.**