IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN TAYLOR, individually and on behalf of all others similarly situated, and PAULISA FIELDS,<br><br>Plaintiffs,<br><br>v.<br><br>WEST MARINE PRODUCTS, INC.,<br><br>Defendant. | No. C 13-04916 WHA<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT** |

## INTRODUCTION

In this wage-and-hour class action, the parties' joint motion for final approval of their class settlement is **GRANTED**.

## STATEMENT

A September 2014 order granted in part plaintiffs' motion for class certification. The order certified the following class (Dkt. No. 113 at 13):

> **Spiff-Miscalculation Class** — All hourly-paid West Marine employees in California who were paid for daily overtime work, and who were compensated with a spiff during the workweek in which they accrued such daily overtime work, at any time since the period of time commencing four years prior to the filing of the complaint to the date hereof.

The order also certified the following two classes, which are derivative of the spiff-miscalculation class (Dkt. No. 113 at 17):

> **Wage Statement Class** — All hourly-paid West Marine employees in California, who were issued wage statements and were members of the Spiff-Miscalculation

Class during the period of time commencing three years prior to the filing of the complaint to the date hereof.

**Former Employee Class** — All former hourly-paid West Marine employees in California who are members of the Spiff Miscalculation Class.

Karen Taylor was appointed class representative while Paulisa Fields is pursuing claims in her individual capacity

In October and November of 2014, the parties participated in three settlement conferences with Magistrate Judge Joseph Spero. In December 2014, the parties and their counsel signed a proposed class settlement agreement. The parties then moved for preliminary approval of their proposed class settlement. That motion was denied. The order denying preliminary approval concluded that the scope of the proposed release was too broad, the incentive payments to the name plaintiffs were too high, and the claims process was incomprehensible from the motion (Dkt. No. 146). In a subsequent motion, the parties cured the settlement's deficiencies and preliminary approval was granted (Dkt. No. 148).

On February 20, the class administrator mailed class notices to the 707 class members. As of April 17, the class administrator had received twenty-one opt-outs (2.9% of the 707 member class). The parties also filed a joint notice that no objections had been received by May 14 (sixteen days past the April 28 deadline to object). (Harris Decl. ¶¶ 16–18; Dkt. No. 159).

Now, the parties move jointly for final approval of the class settlement. This order follows a hearing held on May 21. Time to make belated objections was provided, but no objection was made.

**ANALYSIS**

**1.   CLASS NOTICE.**

FRCP 23(e)(1) states that "the court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Here, notice of the proposed class settlement was approved by the Court and provided via first-class mail in February 2015. Twenty-one opt-outs and no objections were received. Those who opted out of the class settlement have been excluded from the proposed settlement. This order is satisfied with the notice provided and finds that absent class members have had an opportunity to opt out.

2

## 2. SETTLEMENT.

When vetting a class settlement, the following factors may be considered:

> (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement.

*Churchill Village, LLC v. General Electric*, 361 F.3d 566, 575 (9th Cir. 2004). This order finds the proposed settlement fair, reasonable, and adequate.

***Terms***: Prior orders walked through the terms of the settlement (Dkt. Nos. 146, 148). In brief, the settlement is as follows: West Marine will pay a non-reversionary sum of $435,000 in satisfaction of class-wide claims arising from any failure by defendant to include spiff awards in the calculation of the regular rate of pay for purposes of paying overtime compensation for daily overtime, derivative class-wide claims for inaccurate wage statements and related California Labor Code Private Attorney General Act penalties, and class-wide waiting time penalties. The release is limited to the certified class claims. The parties have also requested class counsel fees of $130,500 (30% of the settlement amount), litigation costs of $27,568.81, an estimated $14,962 to the class administrator, $5,000 to each named plaintiff (Taylor and Fields) for broader releases of all claims against West Marine, a $500 incentive payment to Taylor (the class representative), and a PAGA payment of $5,000 for California's share of the civil penalties. Class counsel's fees will be addressed in a separate order. The parties' proposal would leave $246,469.19 for the 686 remaining class members who have not opted out.

The parties assert that participating class members will be made whole, or even more than whole, by the proposed settlement. Defense expert Stefan Boekeker and plaintiffs' expert Evelyn Carlson concluded that of the 707 class members, 33% were underpaid by just one dollar or less, 55% were underpaid by five dollars or less, and 88% were underpaid by $50 or less. Despite this, each class member would receive at least $216 under the settlement agreement, could receive up to $1,111, and will receive substantially in excess of the maximum potential

3

overtime damage under any methodology for calculating the overtime rate (Harris Decl. ¶¶ 8–11).

*Stage in proceedings and risks*: This action has been litigated for more than seventeen months. The proposed class settlement comes following a contested class certification period, the close of fact and expert discovery, the exchange of expert reports and damages figures, one mediation, and two settlement conferences. Plaintiffs may have a meritorious case, but the risks inherent in continued litigation are substantial. Even if plaintiffs were to take this case to trial and through appeal, any recovery would likely be significantly reduced by the fees and costs expended to obtain it.

*Reaction of class members*: No objection was made. The time for filing objections to the proposed class settlement has long passed. The time for filing any opposition to plaintiffs' motion for final approval of the proposed class settlement has passed as well. At the final approval hearing, an additional opportunity to make belated objections was provided. No objection was raised.

In sum, having considered the terms of the proposed settlement, that the $435,000 amount will more than make whole all class members as a result of any underpayment of wages, the risks and expenses of a jury trial, and the mature stage of this action, this order finds the proposed class settlement fair, reasonable, and adequate.

## CONCLUSION

Final approval of the proposed class settlement is **GRANTED**. The settlement is approved and binding on all settlement class members. Within **FIVE CALENDAR DAYS** of this order, the parties shall file a final class list (with names and cities) setting forth the class members bound by and not bound by the class settlement. Administration of the settlement fund shall begin.

**IT IS SO ORDERED.**

Dated: May 21, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4