IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN TAYLOR, individually and on behalf of all others similarly situated, and PAULISA FIELDS,<br><br>    Plaintiffs,<br><br>  v.<br><br>WEST MARINE PRODUCTS, INC.,<br><br>    Defendant.<br>_____/ | No. C 13-04916 WHA<br><br>**ORDER GRANTING IN PART MOTION FOR ATTORNEY'S FEES, COSTS, AND INCENTIVE PAYMENT TO CLASS REPRESENTATIVE** |

## INTRODUCTION

In this wage-and-hour class action, class counsel request attorney's fees, costs, and an incentive payment to the class representative. For the following reasons, these requests are **GRANTED IN PART**.

## STATEMENT

The background of this action is set forth in prior orders (*see* Dkt. Nos. 113, 148). In brief, defendant West Marine Products, Inc. is a national boating-supply retailer. Plaintiffs Karen Taylor and Paulisa Fields are two former hourly employees who worked for West Marine at its Santa Barbara facilities — from May 2011 to March 2012, and February 2012 to June 2013, respectively. Taylor was appointed class representative while Fields is pursuing claims in her individual capacity.

Plaintiffs asserted several claims relating to defendant's alleged failure to provide sufficient rest and meal breaks, failing to pay overtime wages, and providing employees with inaccurate wage statements. In September, the undersigned judge granted in part defendant's motion for partial summary judgment and certified three classes relating to the miscalculation of overtime

1    pay. The first class consisted of hourly-paid West Marine workers who were paid for daily
2    overtime work and compensated with a spiff in the same week during the four years prior to the
3    filing of the complaint. The other two certified classes — the wage statement class and the former
4    employee class — are derivative of the first class.

5    After a mediation and two settlement conferences with Magistrate Judge Joseph Spero, the
6    parties agreed to a settlement. The parties' first motion for preliminary approval of a class
7    settlement was denied (Dkt. No. 146). After the deficiencies in the initial settlement agreement
8    were cured, the parties second settlement agreement was preliminarily approved (Dkt. No. 148).

9    Now, class counsel moves, unopposed, for an order awarding attorney's fees of $130,500
10   (30 percent of the class settlement fund), $27,568.81 in litigation costs, and a $500 incentive award
11   payment to class representative Karen Taylor.

**ANALYSIS**

**1.   STANDARD OF REVIEW.**

A court must ensure that attorney's fees and costs awarded to class counsel are "fair, reasonable, and adequate." *Staton v. Boeing Co.*, 327 F.3d 938, 963–64 (9th Cir. 2003). Attorney's fees to be paid from a common fund, as we have here, are consistent with the "American Rule" (*i.e.*, that each party pays for its own litigation expenses), and "a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).

Our court of appeals uses two different approaches to gauge the reasonableness of a requested fee when there is a common fund. The first is the lodestar calculation, which may include a risk multiplier to enhance fees in certain circumstances. Our court of appeals also allows a calculation of fees based on a percentage of the common fund. A benchmark percentage is 25 percent. *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000).

**2.   COSTS.**

Class counsel request $27,568.81 in out-of-pocket costs. Counsel provided detailed documentation of how these costs were incurred. These costs include travel costs, mediation fees,

1  expert fees, copy and scanning costs, filing fees, and electronic research fees.  Accordingly, class
2  counsel's request for costs is **GRANTED.**
3       3.     **ATTORNEY'S FEES.**
4       Class counsel request $130,500 in attorney's fees.  This amount represents 30 percent of
5  the common fund.
6       The lodestar summary provided by class counsel is shown by the following chart:

| Table 1: Class Counsel's Requested Hourly Rates | | | | |
|---|---|---|---|---|
| Attorney | JD Acquired | Hourly Rate | Hours | Lodestar |
| A. Harris | 1974 | $790 | 312.4 | $246,796 |
| P. Mohan | 2003 | $625 | 186.7 | $116,687.50 |
| D. Zelenski | 2003 | $625 | 51.9 | $32,437.50 |
| D. Pepperman | 1983 | $625 | 77.7 | $48,562.50 |
| R. Lee | 2013 | $325 | 200.9 | $65,292.50 |
| BCP & J Paralegal | --- | $150 | 6.1 | $915 |
| H&R Law Clerk/Paralegal | --- | $210 | 14.60 | $3,066 |
| Total | --- | --- | 850.3 | $513,757 |

15  A careful review of the documentation submitted with counsel's motion shows that lodestar to be
16  within the range of reason.  The case has been pending since October of 2013.  During that time,
17  class counsel have opposed defendant's motions to dismiss, opposed defendant's motion for
18  summary judgment, and successfully sought class certification.  Class counsel's work has also
19  consisted of discovery, a full day mediation, and two follow up settlement conferences with Judge
20  Spero.  Moreover, class counsel took on this litigation on a contingent-fee basis.
21       Despite class counsel's lodestar calculation, the amount and quality of their work does not
22  warrant a departure from the 25 percent of the common fund benchmark set by our court of
23  appeals.  *Powers*, 229 F.3d at 1256.  "The district court may exercise its discretion to choose
24  between the lodestar and percentage method in calculating fees."  *In re Mercury Interactive Corp.*
25  *Securities Litig.*, 618 F.3d 988, 992 (9th Cir. 2010).  Additionally, our court of appeals has held
26  that special circumstances are needed to justify a departure from the 25 percent benchmark.  *In re*
27  *Bluetooth Headset Products Liability Litig.,* 654 F.3d 935, 942 (9th Cir. 2011).  This was not a
28  case that went to trial.  Nor was it a case that encompassed multiple defendants, exceptionally

3

1  complex issues, or other factors that would warrant an award of 30 percent of the common fund.
2  The "special circumstances" that typically accompany a departure from the benchmark are simply
3  not present in our case. Thus, this order awards counsel attorney's fees in the amount of $108,750
4  (25 percent of the settlement).

5  In sum, class counsel's request for attorney's fees is **GRANTED IN PART.** Class counsel are
6  awarded attorney's fees in the amount of 25 percent of the class fund, totaling $108,750.

7  Only half of this award, however, may be collected upon final approval of the settlement
8  agreement. The other half will be paid when counsel certify that all class members' checks have
9  been issued and either cashed or expired, no problems with the distribution have been reported for
10 a period of 30 days, and there is nothing left to do.

11 **4.   EXTRA PAYMENTS FOR CLASS REPRESENTATIVE.**

12 Finally, counsel request $500 be paid to class representative Karen Taylor for time invested
13 in the class action on behalf of absent class members. In their motion for preliminary approval,
14 class counsel originally requested an incentive payment of $5,000 for the class representative. The
15 order granting preliminary approval stated that the most that would be considered for an incentive
16 award was $500. Accordingly, the amount requested is reasonable in light of the services rendered
17 by the class representation, so this request is **GRANTED**.

18 **CONCLUSION**

19 For the foregoing reasons, class counsel's requests for attorney's fees, costs, and payment
20 to the class representative are **GRANTED IN PART**. Class counsel are awarded $108,750 in
21 attorney's fees. Half of the award may be collected up front, and half will be withheld until all
22 class members are paid and there is no more work to be done. This order awards $27,568.81 in
23 costs. Class counsel's request for $500 for class representative Taylor is **GRANTED**.

25 **IT IS SO ORDERED.**

27 Dated: May 21, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4